CAROLYN POMARICO *v.* GARY CONSTRUCTION, INC.
(2518)

DUPONT, C. J., BORDEN and DALY, Js.

Argued April 3—decision released August 27, 1985

*William T. Shea,* with whom, on the brief, was *Antoinette E. Grenier,* for the appellant-appellee (defendant).

*Sid M. Miller,* for the appellee-appellant (plaintiff).

DALY, J. The plaintiff applied for the discharge or reduction of a mechanic's lien placed on her property by the defendant. The trial court rendered judgment ordering the mechanic's lien discharged and the defendant appealed from this judgment. The plaintiff then cross appealed, challenging the trial court's conclusion that the defendant had not waived its lien rights.

The trial court found the following facts: Pursuant to a written agreement between the parties, executed in October, 1982, the defendant contracted to perform certain work on the plaintiff developer's property, Happy Homes Estates, located in Meriden. The scope of the work included all clearing, blasting, grading,

landscaping, paving, construction and other work necessary to complete a roadway, sidewalks, paths, curbing, installation of water and sanitary sewer lines, storm drainage systems, erosion and sedimentation control systems and other improvements in accordance with a subdivision plan.

The defendant filed a mechanic's lien in the amount of $208,792, dated March 11, 1983, and recorded on March 14, 1983, in the Meriden land records upon the subject property. The lien was placed on thirteen residential lots in the subdivision. Some of these lots had already been built upon and sold by the plaintiff. It purports to cover site development work performed by the defendant pursuant to the contract from September or October, 1982, through January 14, 1983. The lien is in blanket form and does not identify the specific work done or materials furnished to any particular house or lot.

The trial court concluded that the lien was invalid because it failed to conform to the lienable unit requirements and because its blanket single form of certificate failed to identify the particular premises against which the lien is claimed.

The trial court further found that since the defendant had removed its equipment and ceased working in the middle of December, 1982, work thereafter demanded of the defendant by the city inland wetland agency, which was concluded on January 14, 1983, did not toll the sixty day requirement of General Statutes § 49-34.[1]

---

[1] General Statutes § 49-34 provides, in pertinent part: "A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within sixty days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing . . . . "

The defendant claims that the trial court erred in concluding (1) that the mechanic's lien was invalid because it violated the "lienable unit" test, (2) that the work was completed in December, 1982, and (3) that the defendant failed to prove the validity of the lien by clear and convincing evidence. The plaintiff claims in her cross appeal that the trial court erred (1) in excluding paragraph seven from the written agreement, which paragraph provided for a waiver of the defendant's mechanic's lien rights, on the basis that there was no meeting of the minds between the parties; and (2) in discounting an oral waiver of mechanic's lien stipulated to by the parties in open court in a separate proceeding.

Our cases construing the language of General Statutes § 49-33, before it was amended effective October 1, 1974, required, as a condition of lienability, that the work done be incorporated in or utilized in the building or appurtenance to be constructed, raised, removed or repaired. *Camputaro* v. *Stuart Hardwood Corporation,* 180 Conn. 545, 552, 429 A.2d 796 (1980). This was the so-called "lienable unit" theory. *In re Glen Haven Estates,* 123 F. Sup. 659, 660–61 (D. Conn. 1954).

When General Statutes § 49-33[2] was amended in 1974, the mechanic's lien was extended to encompass

---

[2] General Statutes § 49-33 provides: "MECHANIC'S LIEN. PRECEDENCE. RIGHTS OF SUBCONTRACTORS. (a) If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land, and the claim is by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected or has been erected or has been moved, or by consent of the owner of the lot being improved or by consent of the owner of the plot of land being improved or subdivided, or of some person having authority from or rightfully acting for the owner in procuring the labor or materials, the building, with the land on which it stands or the lot or in the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then the plot of land, is subject to the payment of the claim."

claims for materials furnished or services rendered " 'in the improvement of any lot or in the site development or subdivision of any plot of land . . . .' " *Camputaro v. Stuart Hardwood Corporation,* supra, 553–54.

"Although the legislative history of the amended § 49-33 is, as is often true, somewhat murky, it is consistent with an intention to expand the coverage of the mechanic's lien." (Footnote omitted.) Id., 554. Footnote six in *Camputaro,* which discusses the legislative history, provides: "Public Acts 1974, No. 74-310 expanded the scope of General Statutes § 49-33 to include the terms 'the improvement of any lot' and 'the site development or subdivision of any plot of land.' It is the first of these additions, 'the improvement of any lot,' that is at issue in the present case. In commenting on an amendment to the bill, which was subsequently enacted as Public Acts 1974, No. 74-310, the reporting committee chairman in the House of Representatives stated: 'We still have an extension of the mechanic's lien even though we don't have an extension of the time to file it. You can file it against the property or sub-division whereas heretofore you could only file it against the house that was being worked on, the building.' And again, in response to the question, 'Does he contend that it's the amendment that extends the applicability of the land or is it the bill itself . . . ,' the reporting committee chairman, Representative Newman responded: 'The bill, of course, sir.' 17 H.R. Proc., Pt. 9, 1974 Sess., pp. 4138, 4140. Compare the comments of the reporting committee chairman in the Senate, Senator Rome, who stated: 'The bill now as amended would provide that sub-dividers of land, persons who might also be doing site work on the land would have lien rights. The question is, under the existing court adjudications, whether or not that (sic) have or have not those rights. This clearly spells it out. They do . . . .' 17 S. Proc., Pt. 3, 1974 Sess., p. 1338."

*Camputaro* v. *Stuart Hardwood Corporation,* supra, 554–55 n.6. We conclude that the statute as amended eliminated the "lienable unit" requirement from this defendant's mechanic's lien.

The defendant believed that his task was completed on December 7, 1982, but, at the demand of the city inland wetland agency, returned to perform work on the level spreader[3] which was completed on January 14, 1983. The level spreader is located in the vicinity of lot No. twenty-six, and was of value to every lot in the subdivision. All lots in the subdivision will benefit from the erosion protection provided by it. We are equating the demand of the city inland wetland agency as work performed for the benefit of the whole development. Hence, the lien falls within the site development purview of General Statutes § 49-33, as amended. We conclude that the filing of the mechanic's lien on March 14, 1983, complied with General Statutes § 49-34.

In view of our finding of error as indicated, it is unnecessary to consider the issue of burden of proof relative to the defendant's appeal. We note, however, that under General Statutes § 49-35b (a), the defendant was only required to establish that there was probable cause to sustain the validity of its lien. The defendant's burden of proof is not that required of the plaintiff, who is next entitled to prove, by clear and convincing evidence, the invalidity of the lien.

The remaining question of whether the trial court properly concluded that the defendant had not waived its mechanic's lien rights is raised by the cross appeal.[4]

---

[3] A level spreader is a term used in hydrology, and concerns the movement of water. It can be described as the top of a flat edge used to spread the water over a wide area to reduce the volume and speed so as to prevent erosion. See Brater & King, Handbook of Hydraulics (6th Ed.).

[4] This is not really a cross appeal but, rather, an alternate ground upon which the judgment may be affirmed. Practice Book § 3012 (a); see discussion in *D'Arcy* v. *Shugrue,* 5 Conn. App. 12, 28, 496 A.2d 967 (1985).

The Supreme Court "has repeatedly declared that 'what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact.' . . . As such, the findings of the trial court may be overturned only if clearly erroneous." (Citations omitted.) *Gallicchio Bros., Inc.* v. *C & S Oil Co.,* 191 Conn. 104, 107, 463 A.2d 600 (1983).

The continued demands by the plaintiff for lien waivers from the defendant during December and January support the trial court's finding that the lien waiver clause was not part of the written agreement of October, 1982. This issue presents a question of fact for the trier. Where, as here, the evidence is in conflict, its probative force is for the trier. *Robert Lawrence Associates, Inc.* v. *Del Vecchio,* 178 Conn. 1, 14, 420 A.2d 1142 (1979); Holden & Daly, Connecticut Evidence (1966 & Sup. 1983) § 125 (a).

The same applies to the oral waiver agreement stipulated to in open court on February 22, 1983. Its relevancy was a matter for the trial court. The relevance of evidence is up to the trier. Holden & Daly, supra. This court cannot retry the facts or pass upon the credibility of the witnesses. *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975). The trial court determined that there had been no waiver of the mechanic's lien contained in the initial agreement despite counsel's statement before a different trial court. We will not disturb this finding.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.