CAPITOL RESTORATIONS CORPORATION *v.* CONSTRUCTION SERVICES OF BRISTOL, INC.
(9581)

NORCOTT, FOTI and LANDAU, Js.

Argued June 4—decision released September 10, 1991

*Gregory P. Klein,* for the appellant (defendant).

*George E. Tillinghast, Jr.,* for the appellee (plaintiff).

NORCOTT, J. The defendant contractor appeals from the judgment of the trial court awarding the plaintiff subcontractor $21,058.60 for work it performed at the Sanseer Mill Office Park in Middletown. The defendant claims (1) that the plaintiff failed to meet its burden of proof, (2) that the trial court improperly refused to allow the defendant to amend its answer by adding seven special defenses, (3) that the trial court improperly refused to admit into evidence a letter written by Jan Cunningham, an historical consultant, to Perry Smart, an employee of the CDC Financial Corporation, (4) that the trial court improperly refused to admit into evidence a prior arbitration award, and (5) that the plaintiff's claim is precluded by that arbitration award. We affirm the decision of the trial court.

The following facts are relevant to our discussion of the defendant's claims. The plaintiff, Capitol Restorations Corporation, was hired by the defendant, Construction Services of Bristol, Inc., to perform masonry restoration and acid cleaning on the exteriors of the buildings at the Sanseer Mill Office Park in Middletown. The plaintiff instituted this action by complaint dated May 9, 1988, alleging that it was owed $16,300 by the defendant for services rendered at the office park. The defendant filed its answer on July 11, 1988. On September 26, 1990, the day of trial, the defendant moved to amend its answer by adding seven special defenses. Six of the defenses essentially restated the contents of the defendant's disclosure of defenses, filed on June 13, 1988, but the seventh alleged that the plaintiff's cause of action was barred by the doctrines of res judicata and collateral estoppel because the issues involved had been litigated in an earlier arbitration proceeding. The trial court denied the defendant's motion, reasoning that "it seems to me this is coming in at the last second. I'm going to deny it."

During the course of the trial that followed, the plaintiff relied solely on the testimony of Tony Rafala, the president of Capitol Restorations Corporation, and the only witnesses called by the defendant were Jack Walsh, the president of Construction Services of Bristol, Inc., and Mike Mickowski, that company's vice president. In essence, Rafala testified that his company had satisfactorily completed the masonry restoration and acid cleaning at the office park, and Walsh and Mickowski testified that the plaintiff's work was unsatisfactory and failed to comply with the terms of their contract. The trial court found the issues in favor of the plaintiff and awarded it $16,300 in damages and $4758.66 interest. From this judgment, the defendant appeals.

I

The defendant first claims that the plaintiff failed to meet its burden of proving either (1) that it had complied with the terms of the parties' contract or (2) that it was entitled under the theory of quantum meruit to the reasonable value of its services. As such, the defendant essentially challenges the trial court's factual findings.

"It is axiomatic that 'a reviewing authority may not substitute its findings for those of the trier of facts.' *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.*, 20 Conn. App. 420, 423, 567 A.2d 1250 (1989), cert. denied, 204 Conn. 804, 573 A.2d 318 (1990). 'In a contract action, findings of fact should be overturned only when they are clearly erroneous.' *Pomarico* v. *Gary Construction, Inc.*, 5 Conn. App. 106, 112, 497 A.2d 70, cert. denied, 197 Conn. 816, 499 A.2d 1336 (1985).' *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.*, supra, 425." *Four D's, Inc.* v. *Mattera,* 25 Conn. App. 308, 312, 594 A.2d 484 (1991).

Here, the trial court, after hearing the conflicting testimony of Rafala, Walsh and Mickowski, found that the work had been reasonably completed and rendered judgment in favor of the plaintiff. The resolution of conflicting testimony is within the exclusive province of the trial court. *Gaynor-Stafford Industries, Inc.* v. *Water Pollution Control Authority,* 192 Conn. 638, 647, 474 A.2d 752, cert. denied, 469 U.S. 932, 105 S. Ct. 328, 83 L. Ed. 2d 265 (1984); *Gallicchio Bros., Inc.* v. *C & S Oil Co.,* 191 Conn. 104, 109, 463 A.2d 600 (1983). In this case, the court credited Rafala's testimony and based its factual findings on that testimony. The trial court's findings were not clearly erroneous and we decline to disturb its decision.

## II

The defendant next challenges the trial court's refusal to allow it to amend its answer on the day of trial by adding seven special defenses. This ruling was fully within the discretion of the court. "A trial court has wide discretion in granting or denying amendments to the pleadings and rarely will [a reviewing] court overturn the decision of the trial court. *Citizens National Bank* v. *Hubney,* 182 Conn. 310, 312–13, 438 A.2d 430 (1980)." *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.,* 195 Conn. 60, 67, 485 A.2d 1296 (1985). The court in this case refused to permit the amendment because the case had been pending for more than two years and because the proposed amendment was offered on the day of trial. An appellate court " 'will not interfere with the decision of a trial court not to permit an amendment unless an abuse of discretion is clearly evident.' " (Citations omitted.) Id. Under the circumstances of this case, there was no such abuse of discretion.

## III

The defendant next claims that the trial court improperly refused to admit into evidence a letter written by Jan Cunningham, a historical consultant, to Perry Smart, an employee of the CDC Financial Coporation. In her letter, Cunningham expressed her dissatisfaction with certain mortar samples provided by the plaintiff and recommended that new mortar samples be prepared. A copy of the letter was sent to Walsh at Construction Services of Bristol, Inc.

At trial, the plaintiff objected to the admission of Cunningham's letter as hearsay. The defendant argued that the letter was actually part of the parties' contract notifying the plaintiff that its work was unacceptable and, as such, was not offered for the truth of its con-

tents. The defendant also argued that if it was hearsay, the letter qualified as a business record for purposes of that exception to the hearsay rule. The trial court sustained the plaintiff's objection, and the defendant excepted to that ruling.

On appeal, the defendant asserts only that Cunningham's letter, as a part of the parties' contract, was not hearsay because it was not offered for the truth of the matters asserted therein. See *Rompe* v. *King,* 185 Conn. 426, 428, 441 A.2d 114 (1981); *Vazzano* v. *Slater,* 6 Conn. App. 1, 6, 502 A.2d 440 (1986). The defendant's argument fails, however, because the letter was neither sent by the defendant nor addressed to the plaintiff. As such, the trial court correctly concluded that Cunningham's letter was not part of the parties' contract and properly refused its admission on that basis.[1]

## IV

The defendant's fourth claim is that the trial court improperly refused to admit into evidence a prior arbitration award. The defendant, however, failed to take exception to the court's ruling or to offer the document at issue as an exhibit for identification. "Our rules of practice make it clear that counsel must object to a ruling of evidence, state the grounds upon which objection is made, and take exception to the ruling to preserve the grounds for appeal." *State* v. *Lizotte,* 200 Conn. 734, 742A, 517 A.2d 610 (1986); *Filosi* v. *Hawkins,* 1 Conn. App. 634, 640, 474 A.2d 1261 (1984). Because the defendant failed to except to the trial court's ruling and because the defendant does not seek review under the bypass rule of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1983), as reformulated in

---

[1] We also note that the letter was not admissible as a business record because the defendant made no attempt to show that the letter was made or kept in the ordinary course of business. See General Statutes § 52-180.

*State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989); see *Adolphson* v. *Zoning Board of Appeals,* 205 Conn. 703, 716, 535 A.2d 799 (1988); *Hurtado* v. *Hurtado,* 14 Conn. App. 296, 300, 541 A.2d 873 (1988) (applying *Evans* rule to civil cases); we decline to review this claim.

## V

Finally, the defendant claims that the plaintiff's cause of action is barred by the doctrines of res judicata and collateral estoppel because the issues involved had been litigated in an earlier arbitration proceeding between the defendant and the owner of the Sanseer Hill Office Park. This claim was not raised at trial, however, because the court, in its discretion, refused to allow the defendant to add the defenses of res judicata and collateral estoppel to its answer on the day of trial.[2] This court need not address claims not distinctly raised at trial. Practice Book § 4185. We, therefore, decline to review the defendant's final claim.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] At trial, the defendant twice attempted to introduce evidence of the prior arbitration proceeding. Both times the plaintiff objected, arguing that the evidence was irrelevant because the plaintiff was not a party to the arbitration. The trial court sustained the plaintiff's objections. We note that the evidence of the arbitration proceedings was irrelevant not because the plaintiff was not a party to those proceedings but because the defenses of res judicata and collateral estoppel were not properly before the trial court since the court had denied the defendant's motion to amend its answer.