[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a three count complaint charging the defendant, City of Stamford, with negligence in the first count; the second count also involves a claim of negligence against Environmental Design (ED); and the third count is in product liability against the defendant, Iron Mountain Forge (IMF). The actions arise out of a claim of personal injuries incurred by the plaintiff, Sandra Perrault, on September 14, 1990, while using an apparatus on a playground located at the K. T. Murphy School in Stamford.
The defendant City of Stamford first filed a motion to strike (#102) on October 16, 1992, claiming that it has no duty with respect to the maintenance and operation of school premises. A second motion to strike, similar to the first, was filed on November 19, 1992, and both motions were heard at the short calendar on December 28, 1992.
In its first motion to strike, the city cites General Statutes10-220(a), which states, among other things, that local boards of education are responsible for "the care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes. . . ."
The motion to strike (#102) count one of the complaint which was directed against the City of Stamford is granted, as the city has no duties with respect to the operation and maintenance of apparatus on school grounds. Such responsibilities are those of the Board of Education. Local 1186 v. Board of Education,182 Conn. 93, 100, 436 A.2d 12 (1980).
The plaintiff, Sandra Perrault, moves to file an amended complaint dated November 11, 1992, in which the City of Stamford is again named in the first count as a defendant. The defendant city moves to strike the first count of the proposed amended complaint for the same reason set forth in its first motion to strike. This motion (#106) is also granted on the authority of General Statutes10-220(a).
At the short calendar of January 25, 1993, motions #107 and #108 were heard. These motions consist of objections by both ED and IMF to the plaintiff's request of November 11, 1992 to file an amended complaint.
By way of background, the plaintiff, Sandra Perrault, in her original complaint of September 8, 1992, claimed that she suffered CT Page 2677 various injuries, including "loss of consortium." On October 16, 1992, defendant ED filed a request to revise, including a request that plaintiff delete any claim or reference to a "loss of consortium", as such claim was irrelevant and inappropriate. Defendant IMF also filed a request to revise. In its request filed on October 23, 1992, IMF claimed that there were several inadequacies in the complaint. IMF seeks to have plaintiff delete redundant causes of action, identify the product liability statutes upon which she relies, and separate out combined causes of action.
On November 12, 1992, plaintiff filed a request for leave to amend. Plaintiff Sandra Perrault claims this request is in response to defendants' requests to revise, and is also an effort to include Walter Perrault, her husband, as an additional plaintiff. On November 25, 1992, both ED and IMF filed objections to plaintiff's request for leave to amend. Defendant IMF objects on the ground that the amended complaint claims additional injuries allegedly resulting from the fall. IMF states that it would be prejudicial to allow these additional claims of injury. Defendant ED objects on different grounds. First, ED claims that Mr. Perrault is not a party to the original complaint and cannot be made a party simply by amending the complaint. Also, the amended complaint combines several causes of action into one count. Further, ED claims that the statute of limitations has expired prior to the filing of the amended complaint and, as a result, Mr. Perrault's claim for loss of consortium is time barred.
If a party fails to amend a complaint during the first 30 days after the return date, he may seek to amend the pleadings any time thereafter by filing a request for leave to file the amendment. Practice Book 176. Capitol Restorations Corp. v. Construction Services of Bristol, 25 Conn. App. 681, 685, 596 A.2d 927 (1991). The proposed amended complaint in the case at bar is deficient and does not satisfy the requirements of the Practice Book. The addition of another party cannot be accomplished simply by amending the complaint. Amendment is a means used to rectify any defect, mistake or informality in a complaint and is not a vehicle by which another party may be added to the case. See Practice Book 175, 176. The Practice Book spells out the proper methods by which parties are added or substituted. See Practice Book 99-103. Mr. Perrault is not properly before this court as a party plaintiff, and this deficiency alone is sufficient to deny plaintiff's request for leave to file her amended complaint to add her husband.
Even assuming arguendo that Mr. Perrault is a proper party, CT Page 2678 the amended complaint is still deficient in that separate causes of action must be set forth in separate counts. Practice Book 138. First, the amended complaint improperly contains a claim for negligence and a product liability claim in the same count. Second, in the attempt to include the plaintiff's spouse as a party to this action, loss of consortium claims were brought against the defendants on Mr. Perrault's behalf. These claims were improperly included in plaintiff Sandra Perrault's counts against the defendants. A loss of consortium claim, while derivative of an injured spouse's claim, is a separate cause of action. Hopson v. St. Mary's Hospital, 176 Conn. 485, 494, 408 A.2d 260 (1979). Thus, the loss of consortium claims should not be included as part of plaintiff's counts against the defendants.
Further, again assuming that Mr. Perrault was a proper party, and even assuming that the causes of action had been pleaded as separate counts, the amended complaint is still deficient. The alleged injury occurred on September 14, 1990, and the amended complaint was filed on November 12, 1992. Defendant ED claims the action against it is based in negligence and, therefore, the two-year statute of limitations applies. If this is so, the two-year statute of limitations has run. See General Statutes 52-584. It is true that "[a]n amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action." (Citations omitted.) Jonap v. Silver, 1 Conn. App. 550, 555, 474 A.2d 800 (1984). The characterization of a loss of consortium claim as a "derivative but independent action" in Hopson, supra, has led to some question as to whether an amended complaint alleging loss of consortium relates back to the date of the original complaint after the statute of limitations on the original action has run. See, e.g., Allen v. Endrukaitis, 35 Conn. Sup. 286, 408 A.2d 673 (Super.Ct. 1979) (original plaintiff's claim for loss of consortium added to his complaint after the statute of limitations had passed, survived a motion to strike); Micherino v. Shanley, 2 CSCR 729 (June 16, 1987, Spear, J.) (wife's motion to intervene in husband's malpractice action so as to include her claim for loss of consortium, filed after expiration of statute of limitations, was denied). Under the facts of this case, Mr. Perrault's claims of loss of consortium do not "relate back."
Although defendant ED classifies the claim against it as sounding in negligence, the counts against ED and IMF are actually based on the product liability statute. Product liability claims are "in lieu of all other claims against product sellers, including CT Page 2679 actions of negligence, strict liability and warranty, for harm caused by a product." General Statutes 52-572n. There is a three-year statute of limitation with respect to product liability cases. General Statutes 52-577a. Thus, the relation back problem does not apply to the loss of consortium claims against ED and IMF. However, there is a split of authority in the superior court as to whether a loss of consortium claim is barred by the product liability statute. I believe the sounder decision in this regard is found in Golub v. Chrysler Corp., 7 CSCR 1295 (October 22, 1992, Hennessey, J.), where it was held that a product liability statute does not permit a loss of consortium claim by the spouse of the one injured by the product.
To summarize the rulings on the objection to the request to amend the complaint filed by ED and IMF: objection #107 filed by ED is sustained because: (1) there is no motion to cite in Mr. Perrault; (2) it would be too late to add him now on the assumption that plaintiff has filed a claim of negligence against ED, where a two-year statute of limitations is applicable, General Statutes 52-584; (3) although a product liability action has a three-year statute of limitations, General Statutes 52-577a, and the limitation period has not yet expired, a claim for loss of consortium is barred by the product liability statute; (4) the amended complaint improperly contains a claim for negligence and a product liability claim in the same count; and (5) the purported loss of consortium claim is not alleged in a separate count.
IMF's objection (#108) to the proposed amended complaint with respect to plaintiff's claim of aggravation of pre-existing intestinal conditions and the additional claim of inability to bear children is overruled as both fairly can be said to "relate back" to the original complaint. Plaintiff's additional claims of injury arise out of the same transaction and occurrence as alleged in the original complaint. See, Gurliacci v. Mayer, 218 Conn. 531, 546,590 A.2d 914 (1991) (amendment relates back to the date of the original complaint where additional claim arose out of same transaction or occurrence). "It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same. . . ." (Citations omitted.) Id., 547. However, with respect to the addition of Mr. Perrault and the loss of consortium claim against IMF, the amended complaint may not stand for the same reasons as outlined above.
So Ordered. CT Page 2680
Dated at Stamford, Connecticut, this 17 day of March, 1993.
William B. Lewis, Judge