[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to foreclose a mechanic's lien filed by Ralph Butch, d/b/a Butch Loveland Co. ("Butch") for services rendered and materials furnished in the improvement of lots and in the site development and subdivision of a certain plot of land known as the Pheasant Farms Subdivision, an 18 lot subdivision in Simsbury, Connecticut.
The lien at issue in this case was filed on October 5, 1989 against lot 14 only, claiming the sum of $83,391.65 CT Page 4156 for services rendered and materials furnished in the "improvement of any lot and in the site development and subdivision of the plot of land." On the same date Butch filed two other virtually identical mechanic's liens on 13 lots in the Pheasant Farms Subdivision, and the other on 4 lots in that subdivision. Each lien claimed the same $83,391.65 due for the same work, commenced and completed on the same date for the same project.
Butch claimed at trial that the mechanic's liens covering 17 lots in the subdivision had been extinguished by the foreclosure of the first mortgage on those lots. He claims that the entire $83,391.65 for work which was done on or for the benefit of all 18 lots constitute a lien on lot 14 and seeks to foreclose that lien.
The defendants claim that the lien is barred by the provisions of 49-33(f) and 49-36(c) of the Connecticut General Statutes because they made good faith payments to the prior owner of lot 14 before receiving notice of Butch's lien. They further claim that the lien is invalid because the plaintiff failed to give Northeast Savings, the first mortgagee, a written notice of his intent to claim a mechanic's lien on the subject property under the provisions of Connecticut General Statutes 49-35. Finally, the defendants claim that if the foregoing arguments are insufficient to invalidate the lien, then the plaintiff may enforce the lien only to the extent of the amount which is allocated to lot 14, based on services rendered or materials supplied for the benefit of that lot.
Section 49-33 of the Connecticut General Statutes provides in pertinent part:
 Sec. 49-33. Mechanic's lien. Precedence. Rights of subcontractors. (a) If any person has a claim for more than ten dollars for materials furnished or services rendered in the improvement of any lot or in the site development or subdivision of any plot of land, and the claim by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected or has been erected or has been moved, or by consent of the owner of the lot being improved or by consent of the owner of the plot of land being CT Page 4157 improved or subdivided, or of some person having authority from or rightfully acting for the owner in procuring the labor materials, the building, with the land on which it stands or the lot or in the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then the plot of land, is subject to the payment of the claim.
Prior to 1974, Section 49-33 provided that a mechanic's lien was not valid unless the materials furnished or services rendered were incorporated and utilized in a building or appurtenance. This is sometimes referred to as the "lienable unit requirement." See Camputaro v. Stuart Hardwood Corporation, 180 Conn. 545, 552, 429 A.2d 796
(1980).
In 1974 Public Act No. 74-310 expanded the scope of Section 49-33 to include the terms "the improvement of any lot" and the "site development or subdivision of any plot of land." The amendment did away with the lienable unit requirement and permitted a mechanic's lien to be filed against a lot or plot of land even if the services rendered or materials furnished had not been incorporated into any building. Pomarico v. Gary Construction, Inc., 5 Conn. App. 106,110, 497 A.2d 70 (1985).
In Pomarico, the defendant had performed grading, paving and other work necessary to complete a roadway, and water and sewer lines for a subdivision. The defendant filed a blanket lien upon thirteen lots within the subdivision. Some of the lots had already been built upon and sold by the plaintiff. The Court held that the defendant was entitled to lien all the subdivision lots without identifying the specific work done for each lot because the work was of value to all lots in the subdivision and the lien "falls within the site development purview of General Statutes 49-33, as amended."5 Conn. App. at 111. The court in Pomarico did not decide whether one lot in a subdivision could be the proper subject of a mechanic's lien for the total amount of materials furnished and serviced provided to the entire subdivision.
The 1974 amendment to 49-33 did away with the lienable unit requirement, but it did not do away with other statutory prerequisites to obtaining a valid mechanic's lien, CT Page 4158 one of which is an accurate description of the premises on which the lien is being claimed under 49-34 of the Connecticut General Statutes. Section 49-34 provides that a mechanic's lien is not valid unless the lienor files a certificate with the town clerk in the town where the lot or plot of land is located which, among other things, describes the premises and the amount claimed as a lien thereon.
The Connecticut Supreme Court has interpreted 49-34
and the antecedent versions thereof such that the premises described must be the very premises on which the work was performed. It has invalidated mechanic's liens where the property on which the lien was claimed was not fully chargeable with the amount stated in the lien. Ginsberg v. Capone, 91 Conn. 169, 99 A. 501 (1916); Dewolf v. Bonee,91 Conn. 712, 101 A. 233 (1917).
In Ginsberg a defendant lienor supplied materials for two houses on one lot. He filed a mechanic's lien against the entire property for the amount due on both buildings. The court found that the buildings were separate and distinct pieces of property and held that the lien was invalid because it failed to accurately reflect the amount of materials furnished to each separate property.
The plaintiff in this case was entitled to file a blanket lien against the entire subdivision without stating an allocation of services or materials. The court in Pomarico upheld such a lien under the site development purview of49-33, which refers to "the site development or subdivision of any plot of land" constituting a lien on the "plot of land". 49-33(a) and (b).
The statute clearly differentiates between improvements to a "lot" and site development of a "plot" of land. There is a presumption of purpose behind every sentence, clause or phrase, and no word in a statute is to be treated as superfluous. Beloff v. Progressive Casualty Ins. Co., 203 Conn. 45, 58, 523 A.2d 477 (1987); Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 407, 528 A.2d 805
(1987); 84 Century Limited Partnership v. Board of Tax Review,207 Conn. 250, 263, 541 A.2d 478 (1988).
Under the language of 49-33, the plaintiff may file a blanket lien against a "plot" of land, which in this case CT Page 4159 would have been all lots in the subdivision. If he chooses to file the lien against only one lot, then the lien must be limited to the value of the improvements on that lot.
The mechanic's lien is a creature of statute. therefore, a lienor must comply with statutory requirements in order to perfect his claim. H S Torrington Associates v. Lutz Engineering Co., 185 Conn. 549, 553, 441 A.2d 171 (1981); First Constitution Bank v. Harbor Village Limited Partnership,31 Conn. App. 15, 18 (1993). While the remedial purpose of the mechanic's lien statute warrants a generous construction, a court cannot permit departure from reasonable compliance with the specific provisions of the statute. Computaro v. Stuart Hardwood Corporation, supra, at 551.
It is clear from the evidence presented at trial that much of the work performed or materials supplied by the plaintiff did not constitute improvements to lot 14. The plaintiff did not attempt to allocate any amounts specifically to lot 14. Absent proof of services rendered or materials furnished which constituted improvements to lot 14, the court cannot enforce the lien against that lot.
The defendants' other arguments against the validity of the lien lack merit. The defendants claim that the amounts they paid to the original owner of lot 14 constitute "good faith" payments which exceed the amount of the lien and which invalidate the lien. Under the language of 49-33(f) and49-36(c) and Hannan v. Handy, 104 Conn. 653, 134 A. 71 (1926) good faith payments which qualify to defeat a lien are payments made by the owner to the contractor through whom the subcontractor claims a right to a mechanic's lien. The purpose of the good faith payment defense is to protect an owner from paying subcontractors and materialmen an amount which exceeds the contract amount owed to the person through whom the subcontractor or materialman claims. If the defendants were considered owners for the purpose of the good faith payment defense, then any lienor could have his mechanic's lien defeated by any subsequent conveyance of the liened property to the extent the subsequent owner has given "good faith" value.
The lien is not invalidated by the plaintiff's failure to give the first mortgagee, Northeast Savings, notice of intent to claim a mechanic's lien or to serve a copy of the CT Page 4160 mechanic's lien certificate on Northeast Savings. Legal title in a mortgagee does not make the mortgagee an owner within the scope of the mechanic's lien statute. PDS Engineering 
Construction, Inc. v. Double RS a/k/a Double RS Partnership, et al, 5 Conn. L. Rptr. 12, 306 (January 6, 1992); Anthony Julian Railroad Construction Co., Inc. v. Mary Ellen Associates, 6 Conn. L. Rptr. No. 17, 491 (June 29, 1991); Gil Baines Building v. Stamford Towers, 6 Conn. L. Rptr. No. 3, 65 (March 23, 1992).
The mechanic's lien is valid only with respect to services rendered and materials furnished on the property on which the lien is claimed, lot 14. The court will give the plaintiff an opportunity to prove those amounts at a subsequent hearing at a time mutually agreeable to the court and the parties.
By the Court
Aurigemma, J.