**FIRST NATIONAL BANK OF STAMFORD**

v.

**HEMINGWAY CENTER LIMITED PARTNERSHIP, et al.**

**RESOLUTION TRUST CORPORATION as Receiver for Charter Federal Savings Association**

v.

**HEMINGWAY CENTER LIMITED PARTNERSHIP, et al.**

**Pierre BELLEGARDE d/b/a Bellegarde Interiors**

v.

**Vincent VARTULI d/b/a Vartuli Builders, et al.**

**DURAFLEX SALES AND SERVICE CORPORATION**

v.

**HEMINGWAY CENTER LIMITED PARTNERSHIP, et al.**

Civ. Nos. 5:91CV342(TFGD), 5:91CV727 (TFGD), 5:91CV341(TFGD) and 3:92CV152(TFGD).

United States District Court, D. Connecticut.

Feb. 25, 1994.

Lawrence P. Weisman, Law Office of Lawrence P. Weisman, Westport, CT, for Dolores Vartuli.

John F.X. Peloso, Joseph Clasen, Robinson & Cole, Stamford, CT, for V.F. Partnership.

Randall Skigen, Marshall Goldberg, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT, for First County Bank.

Paul Burns, Trager & Trager P.C., Fairfield, CT, for WHE Mechanical Corp.

Gale Kosto, Elizabeth Leete, Leete, O'Neille & Kosto, Hartford, CT, Lisa Trachtenburg, Fairfield, CT, Joan Switzer, F.D.I.C., East Hartford, CT, for Resolution Trust Corp.

Raymond A. Garcia, Gregory Faulkner, Amy E. King, Jane I. Milas, Garcia & Berglass, New Haven, CT, for Duraflex Sales & Service.

Kevin P. Walsh, Cella, McKeon & Williams, North Haven, CT, for Bechir & Associates.

James F. Cirillo, Jr., New Haven, CT, for East Haven Builders.

Linda Lederman, Cohen & Wolf, Stamford, CT, for First Nat. Bank.

James Fogarty, Epstein & Fogarty, Stamford, CT, for Hemingway Center Ltd Partnership and Vincent Vartuli.

James W. Cousins, McGowan & Cousins, Stamford, CT, for James W. Kamas.

Christopher J. Rooney, Carmody & Torrance, New Haven, CT, for Kaufman Enterprises.

DALY, District Judge.

After careful review of the record, and absent objection, Magistrate Judge Evan's Recommended Ruling is hereby AFFIRMED, APPROVED and ADOPTED.

SO ORDERED.

## RECOMMENDED RULING ON APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN

(in 3:92CV152, # 17; in 5:91CV342, # 133)

EAGAN, United States Magistrate Judge.

The plaintiff in the last of the four above-captioned consolidated matters, Duraflex Sales and Service Corporation (hereinafter "Duraflex"), provided materials to Hemingway Center Limited Partnership (hereinafter "Hemingway Center") during the course of the development of a mixed-use condominium project in New Haven, Connecticut. After Duraflex supplied the materials, Hemingway Center failed to pay a portion of the outstanding amount due and owing. Duraflex served a mechanic's lien upon Hemingway Center and recorded its lien on the New Haven land records within 90 days of the date it ceased providing materials. Hemingway Center has filed a Motion to Discharge Duraflex's Mechanic's Lien on the one of three structures in the complex in which Duraflex did not work and for which Duraflex furnished no materials. For the reasons set forth below, Hemingway Center's Motion to Discharge Duraflex's Mechanic's Lien is DENIED.

### Background

In August, 1988, Duraflex submitted a quotation of $248,900 to supply labor and materials to a condominium project planned by Hemingway Center. From February to September, 1989, Duraflex supplied materials to the project. On October 25, 1989, after Duraflex finished supplying materials, Hemingway Center recorded a declaration of condominium on the New Haven land records.

The Hemingway Center Condominium is situated on approximately five acres in New Haven, Connecticut. It consists of three separate buildings: (1) the Essex House, a four-story building containing 24 residential units; (2) the Market Place, a two-story building containing commercial space and six residential units; and, (3) the Townhouse Building containing ten two-story residential units. Duraflex supplied and installed precast concrete "flexicore" floors and ceilings in the Essex House and the Market Place complexes.

On October 31, 1989, Duraflex recorded its mechanics lien. Of the contract price of $248,900, Duraflex claims a mechanics lien of $79,100. On December 21, 1989, Duraflex commenced a foreclosure of its mechanic's lien in the Superior Court.[1]

For the purpose of Hemingway Center's Application to Discharge Mechanic's Lien, the parties have stipulated to the following facts:

---

1. After the institution of this suit, the Resolution Trust Corporation was appointed receiver of one of the other defendants, Charter Federal Savings & Loan. Accordingly, the action was removed to this Court.

1. Duraflex Sales and Service Corp. ("Duraflex") commenced supplying materials and services prior to the date the Hemingway Center Declaration of Condominium was filed on the New Haven Land Records.

2. Hemingway Center recorded its Declaration of Condominium on the New Haven Land Records in October 1989....

3. Duraflex recorded its mechanic's lien within the time required under Conn.Gen. Stat. § 49–33, *et seq....*

4. Duraflex supplied materials for the Essex Place and Market Place buildings on the Hemingway Center site. Duraflex did not supply materials or services to the Townhouse building.

Stipulation of Facts Between Duraflex Sales and Service Corp. and Hemingway Center Limited Partnership for Purposes of Hemingway Center Limited Partnership's Application to Discharge Mechanic's Lien (filed November 30, 1993).

## II. Discussion

Based on the above stipulation, the only issue before the Court is whether there is probable cause to find that the Duraflex lien is valid to the extent that it covers all three structures in the Hemingway Center condominium project. *See* Conn.Gen.Stat. § 49–35b. Upon consideration of this apparently novel legal issue, the Court finds that the Duraflex mechanic's lien is valid on all three buildings.

Prior to 1974, Connecticut's mechanic's lien act made lienable "materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances....." *See Camputaro v. Stuart Hardwood Corp.*, 180 Conn. 545, 551, 429 A.2d 796 (1980) (citation omitted). As amended in 1974, Conn.Gen.Stat. § 49–33(a) now provides:

If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances *or in the improvement of any lot or in the site development or subdivision of any plot of land,* and the claim is by virtue of an agreement with or

by consent of the owner of the land upon which the building is being erected or has been erected or has been moved, or by consent of the owner of the lot being improved or by consent of the owner of the plot of land being improved or subdivided, or of some person having authority from or rightfully acting for the owner in procuring the labor or materials, the building, with the land on which it stands or the lot or in the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then the plot of land, is subject to the payment of the claim. (emphasis added).

Thus, prior to the 1974 amendment, Conn. Gen.Stat. § 49–33(a) "required, as a condition of lienability, that the work done be incorporated in or utilized in the building or appurtenance to be constructed, raised, removed or repaired." *Pomarico v. Gary Construction, Inc.*, 5 Conn.App. 106, 109, 497 A.2d 70 (1985). The statute did not then expressly cover more general improvements to realty, such road construction and site preparation. *See Camputaro*, 180 Conn. at 553–54, 429 A.2d 796; *Camputaro*, 180 Conn. at 551, 429 A.2d 796.

Connecticut courts have interpreted the 1974 amendment as eliminating the requirement that, to be lienable, the work must incorporated or utilized in a building or appurtenance. *See Nickel Mine Brook Associates v. Joseph E. Sakal, P.C.*, 217 Conn. 361, 365, 585 A.2d 1210 (1991); *see also, Pomarico*, 5 Conn.App. at 111, 497 A.2d 70 (The statute, as amended, eliminated the "lienable unit." requirement.) As a result, some courts have implied a willingness to extend the protection afforded by a mechanic's lien to claims for materials furnished or services rendered which benefit not only a particular building, but also the common areas in a planned development. *See Red Rooster Construction Co. v. River Associates, Inc.*, 1991 WL 127101 (Conn.Super. July 2, 1991) (suggesting that a blanket lien may be placed on condominium complex), *aff'd on other grounds*, 224 Conn. 563, 620 A.2d 118 (1993).

For example, in *Pomarico,* the defendant construction company filed a mechanic's lien against thirteen residential lots in a subdivision. The construction company's services included work necessary to complete a roadway, sidewalks, installation of water and sewer lines, and other improvements in accordance with a subdivision plan. The trial court concluded that the lien was invalid because, *inter alia,* its blanket single form of certificate failed to identify the particular premises against which the lien was claimed. 5 Conn.App. at 108, 497 A.2d 70. In reversing the trial court, the appellate court stated:

> The defendant believed that his task was completed on December 7, 1982, but, at the demand of the city inland wetland agency, returned to perform work on the level spreader which was completed on January 14, 1983. The level spreader is located in the vicinity of lot No. twenty-six, and was of value to every lot in the subdivision. All lots in the subdivision will benefit from the erosion protection provided by it. We are equating the demand of the city inland wetland agency as work performed for the benefit of the whole development. Hence, the lien falls within the site development purview of General Statutes § 49–33, as amended.

*Id.* at 111, 497 A.2d 70 (footnote omitted).

■ More recently, in *Nickel Mine Brook Associates,* the plaintiff sought to discharge a mechanic's lien filed by the defendant law firm in connection with legal services the firm had provided involving zoning, land planning and related matters. The Connecticut Supreme Court ultimately determined that the legislature did not intend to include attorneys among the persons entitled to file mechanic's liens when it added the phrase "or in the improvement of any lot or in the site development or subdivision of any plot of land" to the description of lienable services. 217 Conn. at 371, 585 A.2d 1210. However, in the course of its examination of Connecticut's amended statute, the court stated:

> The original version of Senate Bill No. 275, which became Public Acts 1974, No. 74–310, extended the scope of § 49–33(a) only to services rendered "in the site development or subdivision of any plot of land."

The language referring to "the improvement of any lot" was adopted as House Amendment A. Conn. House Journal, May 1, 1974, pp. 1086–87; 17 H.F.Proc., Pt. 10, 1974 Sess., pp. 4970–73. The legislative history indicates that the purpose of this amendment to Senate Bill No. 275 was not to create a distinct category of services for which one could file a mechanic's lien, but rather to avoid potential problems for title searchers by restricting the ability of one who provides services for only a single lot to file a mechanic's lien against an entire subdivision. 17 H.R.Proc., Pt 10, 1974 Sess., pp. 4970–71. We conclude that the phrase "improvement of any lot" was intended to include the same types of services embraced by the phrase "site development or subdivision of any plot of land." The only distinction intended by the legislature was between services benefiting particular lots and those benefiting the subdivision as a whole.

*Id.* at 366–67, 585 A.2d 1210 (footnote omitted). Accordingly, it appears that, where a particular physical improvement benefits and furthers the completion of an entire site development or subdivision, a plaintiff may file a mechanic's lien which encompasses the entire project. *Cf. id.* at 369–70 n. 9, 585 A.2d 1210 (declining to decide whether Conn.Gen. Stat. § 49–33(a) establishes a "physical enhancement test" which might preclude surveyors and engineers from filing mechanic's liens).

■ Here, because basic structural materials were provided for two of three buildings in a declared condominium, it would appear that those services, by their very nature, benefit the entire project. Each condominium owner owns an undivided interest in the common elements. Conn.Gen.Stat. § 47–74(b)(1); § 47–202(8). "Common elements" are "all portions of the condominium other than the units." Conn.Gen.Stat. § 47–68a(e); Conn.Gen.Stat. § 47–202(4). By virtue of their common ownership, all condominium owners necessarily benefit from basic structural work done on the buildings which make up the condominium project, as well as from landscaping and other work directly enhancing common areas. *Cf. Papa v.*

*Greenwich Green, Inc.,* 177 Conn. 295, 416 A.2d 1196 (1979) (Certificate of lien must be served on all condominium owners, not only on the owner with whom they contracted to do the work.)

By contrast, materials placed solely in the interior of one particular condominium unit, and which only benefit that one single unit, may only provide the basis for serving a mechanic's lien on that one unit. For example, it is inconceivable that a carpenter hired to construct an extra closet within one particular unit could place a blanket mechanic's lien on an entire development. However, based on the instant record, there is probable cause to believe that the precast concrete deck panels supplied by Duraflex for two of the three buildings constituting the Hemingway Center condominium are structural in nature and their inclusion enhances the value of the entire project. The materials at issue were used to complete part of the development plan of the entire condominium. Therefore, there is probable cause to find Duraflex's mechanic's lien on all three buildings constituting the Hemingway Center project is valid.

*Conclusion*

The Application for Discharge of Mechanic's Lien is DENIED.

Any objections to this report and recommendation must be filed with the clerk of Courts within ten (10) days of the receipt of this recommendation ruling. Failure to object to this report and recommendation within ten (10) days will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; *Small v. Secretary of HHS,* 892 F.2d 15, 16 (2d Cir.1989).

Dated at Hartford, Connecticut, this 10th day of February, 1994.