[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action of foreclosing a mechanic's lien. The plaintiff, A.J.R Plumbing Heating Inc., is a Connecticut corporation engaged in the business of plumbing and contracting work and operated by the plaintiff Mr. Rizza, a licensed plumber, who is the sole employee and the owner of the corporation.
In May of 1991 the defendants Thomas Tokarz and Kathleen Antonucci entered into a contract with Brian Deperry d/b/a Central Construction Company by virtue of which they purchased land at 4 Whitney Court as shown on the map as lot 7R. The owner/developer of the property, Deperry, was to construct a single family house per specifications of the contract, for the contract price of $236,000.00. The contract contained many specific terms and conditions notable which was that the obligation of the sellers' to close which was conditioned upon CT Page 4054 being presented with a certificate of occupancy issued by the Town of Cromwell and all requisite mechanic's lien waivers.
The owner/developer, Deperry contracted with the plaintiff to install all the plumbing and heating for the house being constructed under said contract and by virtue of separate contract the plaintiff was entitled to be paid $8,800.00 for labor, material, fixtures and his work on said premises.
From the evidence the court finds that the plaintiff is a duly licensed plumbing contractor. He performed all requisite work on the property and had worked for a long period of time without any payment whatsoever. On or about October 22, 1991, having giving notice of his intention to quit the premises unless payment was made he received payment directly from the defendant Kathleen Antonucci who paid him with a personal check for $2,933.00 and requested him to stay and finish the plumbing and heating installations, it is to be noted that said installations were necessary to be completed before a building permit could be issued for the occupancy of said home.
The plaintiff remained on the job though October 29, 1991 and completed installation of the systems pursuant to his contract. He has never received payment of the balance due of $5,867.00.
On December 11, 1991 he filed a certificate of mechanic's lien with the town clerk in Cromwell which was duly recorded in volume 477, page 122. The defendant has admitted of record the due preparation in filing a said certificate of mechanic's lien.
The defendant testified that the closing took place on October 21, 1991 and that the then seller/owner, Deperry, provided neither a certificate of occupancy nor mechanic's lien waivers. The defendant herein as a perspective purchaser was entitled to said documents under his contract purchase with the owner/developer, Deperry. For whatever the reason, the defendants Tokarz and Antonucci under advice of counsel decided to close said transaction without receiving the lien waivers to which they were entitled. At the time of said closing, the house had not been completed to a point where a certificate of occupancy could be issued.
The fact that the money is owed to the plaintiff herein is not contested by the defendants but from the evidence even in view of this lack of contest the court finds that said sum is due CT Page 4055 and owing from the defendants to the plaintiff.
The defendants reliance upon this good-faith payment defense is misplaced. The legal claims raised by said special defense on behalf of the defendant are without merit. Said defense is available only to an "owner" of the land or building involved. As such, the good-faith defense is available to Deperry, but not to defendants herein. The law provided, to the defendants herein, adequate protection in the form of their entitlement to a lien waiver which they voluntarily waived. The legal insufficiency of this special defense is more than adequately spelled out in a well-reasoned decision of (Aurigemma, J.) in Butch v. Mangomutha,8 CSCR 538, April 28, 1993.
Accordingly judgment may enter in favor of the plaintiff as against the defendants' in the amount of $5,867.00 plus cost as may be taxed by the clerk.
It is so ordered.
HIGGINS, J.
Judgment Entered in accordance with foregoing Memorandum of Decision.
Jonathan Field, Deputy Chief Clerk