[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiffs, Shahzoor and Bozena Khan, filed a two-count complaint on May 15, 1995, naming Connecticut Home Inspection Service, Inc. (the defendant), and Russell and Laurette Arsenault as defendants. The plaintiffs allege in count one that the defendant inspected property the plaintiffs subsequently purchased from the Arsenaults, but failed to detect a burned out attic fan and charred lumber, which after purchasing the property, the plaintiffs were obligated to fix to their detriment.[1]
The parties' claims were heard by attorney trial referee Karen Reynolds. Each party submitted to the attorney trial referee proposed findings of fact, and the attorney trial referee filed a report on March 21, 1997, in which she recommended that the plaintiffs had been adequately compensated, and that judgment should enter for the defendant. On April 11, 1997, the plaintiffs filed an objection to acceptance of the report.[2]
 DISCUSSION
"Proceedings before attorney . . . trial referees are governed by procedures set forth in Practice Book §§ 434 through 444." Ruhl v. Fairfield, 5 Conn. App. 104, 496 A.2d 994
(1985). "Upon the filing of the referee's report, the defendant filed no motion to correct the findings as provided in § 438 CT Page 10559 of the Practice Book." Id. In addition, while the defendant has filed an objection to acceptance of the ATR report under Practice Book § 440,[3] no exceptions to the ATR's report were filed pursuant to Practice Book § 439, and no transcript is included among the exhibits.[4] A failure to file a motion to correct constitutes a waiver of "any right to attack the subordinate factual findings contained in the report."Bernard v. Gershman, 18 Conn. App. 652, 655,559 A.2d 1171 (1989). "Absent a motion to correct and a subsequent exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." Ruhl v. Fairfield, supra,5 Conn. App. 106.
In addition to determining whether there was evidence to accept the attorney trial referee's factual findings, the reviewing court is to decide whether the conclusions reached were in accordance with the applicable law. See Thermoglaze, Inc. v.Morningside Gardens, Co., 23 Conn. App. 741, 746, 583 A.2d 1331, cert. denied, 217 Conn. 811, 587 A.2d 153 (1991). "[A] referee's determinations of law in his or her report are not binding on the court." Dills v. Enfield, 210 Conn. 705, 713, 557 A.2d 517
(1989). "[T]he trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee." Id.
The plaintiffs object to paragraph ten of the report, which states: "The [American Society of Home Inspectors] ASHI guidelines (as provided to the Court by Defendant) do not require that the person conducting the inspection enter a crawl space or attic less than four inches."[5] The plaintiffs argue that the guidelines relied upon by the attorney trial referee were from a training manual of the defendant obtained in 1978.[6] The plaintiffs offered the ASHI guidelines in operation during the defendant's inspection of the plaintiffs' home, which occurred in 1994, at the trial. (Plaintiff's Exhibit G). The attorney trial referee allowed both the plaintiff and defendant to submit guidelines, and submitted a report based on those guidelines. "Where evidence is in conflict, its probative force is for the trier of fact to determine." Bernardv. Gershman, supra, 18 Conn. App. 656. The court finds that there was evidence in the record to support the attorney trial referee's finding of fact in paragraph 10 of the report.[7]
CT Page 10560
The plaintiffs object to paragraph 13a of the report, on the ground that photographs placed into evidence showed damage to the entire side of the house where the fire occurred, which had to be torn apart and replaced. (Plaintiff's Exhibit A1-7). In paragraph 13a, the attorney trial referee summarized the testimony of John Daly, a general contractor who testified on behalf of the defendant as to the extent of the damage to the plaintiffs' home. The attorney trial referee found that some rafters had been scorched, and that the majority of the damage sustained was around a louvre where the fan had previously been placed. There is no basis for the court to disturb the ATR's factual findings on the basis of the plaintiffs' objection. If the plaintiffs desired to contest the (ATR's factual findings a motion to correct or an exception should have been filed as allowed under the practice book rules.
The plaintiffs also object to paragraph 18 of the report, which states: "The weight of credible evidence demonstrates the Plaintiffs have been adequately compensated for the loss they sustained resulting from the nondisclosed fire damage." The plaintiffs argue that the work performed by their own contractor, New England Craftsmen, exceeded the $1,100 they received from the Arsenaults. The plaintiffs further argue that the attorney trial referee improperly relied upon the testimony of Daly, since Daly observed the house only after New England Craftsmen had repaired it.
Daly's testimony, arriving at a cost of $200 for the necessary repair work, is adopted throughout paragraphs 12-15 of the report. In paragraph 16 the report makes reference to the testimony of "Guedes," presumably from New England Craftsmen. Paragraph 16 states that Guedes did not produce information and data sufficient to adequately clarify the prices on the original quote, the work to be done resulting from the fire damage and the change order, and the effect on the total price of the repairs made. (Plaintiff's Exhibits B, C). In paragraph 16a the attorney trial referee found that Guedes admitted that the records provided to the court were confusing, that additional information from his office files was needed to clarify the prices and the work which related to the fire damage only, but that no additional information was provided to the court. Based on the credibility of those witnesses testifying during the trial, the attorney trial referee reached her finding as to damages. "In making this explicit factual determination, the attorney trial CT Page 10561 referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely [her] function as a fact finder." Crepeau v. Gronager, 41 Conn. App. 302, 310,675 A.2d 1361 (1996).
CONCLUSION
Therefore, the plaintiffs' objections to paragraphs 10, 13a, and 18 of the attorney trial referee's report are hereby overruled.
Dated this 17 day of October 1997.
Stevens, J.