[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MECHANIC'S LIEN
 Facts
On February 12, 1998, plaintiff and defendant entered into a General Contractor Agreement ("Agreement") for renovation of a residential building on 44 Ashley Street, Hartford, Connecticut (Project). The Agreement provided the renovation was to be done in accordance with certain plans and specifications for the Project.
Defendant did certain work on the Project, the last being asphalt work on or about August 10, 1998.
On August 31, 1998 plaintiff filed a mechanic's lien on the property in the amount of $27,531.00. That claim is based on one invoice in the amount of $7,969 for the installation of an LVL beam; a payment requisition in the amount of $15,025 for services rendered between May 23, 1998 and July 31, 1998 and retainage withheld from payments in the amount of $6,040.
Plaintiff then terminated the defendants contract and work and "took possession of the" Project.
Defendant executed 3 lien waivers in regard to the Project, one on May 6, 1998 signed by the General Contractors but not sworn to. One on May 11, 1998, not signed by the General Contractor, but in the affidavit signed by its authorized manager it states that the signers are the only "persons, firms and corporations who have furnished or contracted to furnish services, labor or materials" for the Project. Thus by inference the defendant is included in the waiver. The last waiver was signed June 12, and June 15, 1998. This waiver was specifically "for the time period of April 1, 1998 through May 22, 1998" and CT Page 2 thus for no time thereafter. Any work done by defendant after May 22, 1998 is not subject to that waiver. That waiver by its terms superceded any prior waivers.
Each waiver contained language in substantially the following form:
 we, the undersigned, do hereby severally waive and release all of the several liens and claims of lien which we may have, or hereafter have, on the above-mentioned lot, land buildings and appurtenances pursuant to the laws of the State of Connecticut, by virtue of said services rendered, work performed or materials furnished, heretofore and hereafter upon said lot, land, building and appurtenances, whether completed or still in the process of construction.
The language of the last waiver overrules this language to the extent that it might refer to work to be performed after May 22, 1998,
Section 9 of the Agreement provides in relevant part:
 a. If, in the opinion of the Owner, General Contractor shall at any time (1) refuse or fail to provide sufficient properly skilled supervisors, workmen or materials of the proper7 quality; (2) fail in any respect to prosecute the work according to a mutually agreed upon schedule; (3) cause, by any action or omission, the stoppage or delay of or interference with the work of Owner or of any other subcontractor or party; or (4) fail to comply with any provisions of this Contract or the Contract Documents, the Owner may at its option . . . (ii) terminate the General Contract for default. In the event of termination for default, Owner may, at its option, (1) enter on premises and take possession, for the purpose of competing the work, of all materials and equipment of General Contractor, . . . (3) complete the work either by itself or through others, by whatever method Owner may deem expedient. In case of termination for default, General Contractor shall not be entitled to receive any further payment until the work shall be fully completed and accepted by the Owner.
There was a great deal of clear and convincing evidence that defendant violated the Agreement in various ways, including CT Page 3 failure to properly heat the building, failing to complete the exterior brick pointing work, installation of bowed walls and wrong placement of a baseboard. There were many other violations but many were due to the gross inadequacy of the plans and specifications.
 Law
At the hearing defendant "lienor shall first be required to establish that there is probable cause to sustain the validity of his lien." C.G.S. § 49-35b(a). It is clear that the defendant waived all rights to a mechanics lien for work done prior to May 23, 1998. This was proven by clear and convincing evidence.Pomariso v. Gary Construction, Inc., 5 Conn. App. 106, 111.
Those waivers included work and materials for the LVL beam, in the amount of $7,969. They also included all work done from April 1, 1998 through May 22, 1998. There is no waiver for work done after May 22, 1998. Thus defendants claims for its payment requisition for work done between May 23, 1998 and July 31, 1998 were not waived. The court does not know if any payment for work done was ever claimed by requisition from July 31, 1998 through August 10, 1998.
The retainage through May 22, 1989 was $4,538. That was waived. Thus of the total claim $12,507 was clearly waived,8 leaving $15,024 claimed under the mechanics lien.
Of this sum, payment for which was applied for on or about July 31, 1998, $13,522.50 was certified by plaintiff.
It is true that the Agreement requires the contractor to take several steps in order to be paid and that some of those steps were not taken. All the missing steps were waived by plaintiff as to the certified amount of $13,522.50.
The mechanics lien is dissolved as to all sums in excess of $13,522.50 and is otherwise sustained.
O'Neill, J.