[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: REQUEST FOR LEAVE TO AMEND (#118) AND OBJECTION (#119)
The incident which is the subject of the complaint occurred On October 7, 1993. The writ was filed on September 22, 1995. Plaintiff claimed money damages and costs for negligent and intentional battery. The request to amend (prayer for punitive damages) was filed on July 2, 1998. A hearing was conducted on the request and the objection thereto.
Amendments to pleadings are governed by Practice Book Section 10-60 (formerly Section 176). Connecticut courts have pursued a liberal policy in allowing amendments. Johnson v. Toscano,144 Conn. 582, 587 (1957). "`While our courts have been liberal in permitting amendments . . . this liberality has limitations. Amendments should be made seasonably.'" Connecticut National Bankv. Voog, 233 Conn. 352, 364 (1995). The factors to be considered are: the length of delay; fairness to the opposing parties; and the negligence, if any, of the party seeking to amend.Connecticut National Bank v. Voog, supra; Cummings v. GeneralMotors Corporation, 146 Conn. 443, 449-50 (1959); Coburn v.Ordner, CV-93-0306715, Fairfield Judicial District (November CT Page 998 3, 1995).
On the issue of delay, it is acknowledged that certain cases have involved a greater passage of time than that involved in this case. In Johnson v. Toscano, supra, the amendment was sought some eight years after the suit was brought, and two years after the case was pretried. In Freccia v. Martin, 163 Conn. 160
(1972), the motion to amend the answer to add a counterclaim was brought approximately five years after the pleadings had been closed. In the following cases the amendments were sought at the time of trial: Antonolsky v. Goldberg, 144 Conn. 594 (1957);Crowell v. Middletown Savings Bank, 122 Conn. 362 (1937); Moorev. Sergi, 38 Conn. App. 829 (1995); Capital RestorationsCorporation v. Construction Services of Bristol, Inc.,25 Conn. App. 681 (1991).
Here, the request for leave to amend was filed roughly two years and nine months after the action was brought, and after the pretrial; a trial date had been set. There is no indication that any information was developed through discovery or at the pretrial which prompted the request to amend (merely an inability to effectuate an amicable settlement). The same attorney has represented plaintiff continuously since July 24, 1996.[1] It has been indicated that if the amendment is granted, defendant may be required, at this point, to engage additional counsel because of coverage limitations.
The court is not unaware of our traditionally liberal policy in Connecticut regarding amendments. However, upon a full review of the authorities relied upon by the parties, careful reflection upon the opposing arguments articulated by both counsel at the hearing, consideration of the long delay between the case filing and the requested amendment, and mindful of the potential for further delay if the amendment is permitted, the court views defendant's objection as having merit.
Plaintiff's request to amend (#118) is denied (as to the addition of punitive damages claim), and defendant's objection thereto (#119) is sustained.[2]
Mulcahy, J.