ELIHU LARKINS AND ANOTHER *vs.* GEORGE BLAKEMAN AND OTHERS.

Materials were furnished, under separate contracts, for two houses that were being constructed by the same builder upon adjoining lots, one being commenced about six weeks before the other. No separate account was kept of the materials furnished to either house and it could not be ascertained how much had gone into either.. The party furnishing the materials filed a single lien on the two houses, by a certificate stating the whole amount furnished for the two. Held not to be a valid lien.

Such a lien exists not by contract but by statute, and no understanding or agreement of the parties will be of any avail where the requirements of the statute have not been complied with, especially where third persons have acquired an interest and the non-compliance is apparent on the public records.

BILL to foreclose a lien for materials furnished for buildings; brought to the Superior Court in New Haven County, and reserved, upon facts found, for the advice of this court. The case is sufficiently stated in the opinion.

*Alling,* for the petitioners, cited Phillips on Mech. Liens, 506; *Bank of Charleston* v. *Curtiss,* 18 Conn., 342; *Fitch* v. *Baker,* 23 id., 563; *Moran* v. *Chase,* 52 N. York, 346; *Paine* v. *Bonney,* 4 E. D. Smith, 734; *Choteau* v. *Thompson,* 2 Ohio S. R., 114; *Beckel* v. *Petticrew,* 6 id., 251; *Pennock* v. *Hoover,* 5 Rawle, 291; *Edwards* v. *Derrickson,* 28 N. Jer. Law, 39; *Wall* v. *Robinson,* 115 Mass., 429.

*Pardee* and *H. Stoddard,* for the respondents.

CARPENTER, J. This is a petition to foreclose a mechanic's lien. The claim is for materials furnished in the erection of two dwelling houses, standing on adjoining lots, and erected by the same builder, but at different times; that is to say, one was commenced about the 21st of September, 1872, and the other about the 1st of November following. When the second was commenced the first was well advanced towards completion. The materials were furnished, not under a single contract covering both houses, but under a distinct understanding in respect to each. The materials were not charged in a separate account, but in a general account, including charges for materials furnished for other buildings. In respect to that however, perhaps the finding shows with reasonable certainty that the amount claimed was actually expended in the two houses. The value of the materials furnished for each house does not appear. The aggregate value of the materials for the two houses is stated, a single lien is claimed covering both houses and the lots on which they stand, and one certificate only is filed. The record therefore does not show, and it is impossible now to ascertain, the amount furnished for each house. This is a fatal objection. The statute gives a lien upon each building and lot for materials furnished in the construction and erection of that building only; and the certifi-

cate must state the amount so furnished as nearly as the same can be ascertained. This certificate states the aggregate amount for the two, but gives no information as to the amount furnished for each. This is not a compliance with the statute. It requires no argument to show that if the statute is not complied with the lien cannot be maintained. If any is needed it is readily found in the circumstances of this case. A large proportion of the amount, nearly the whole perhaps, may have been expended on one house; and yet the other is made to bear one-half the burden. The injustice of this is more apparent when we consider that the two houses have been sold to different parties.

We are unable to distinguish this case in principle from that of *Chapin* v. *Persse & Brooks Paper Works,* 30 Conn., 461. Such a distinction however is attempted, and our attention is called to the fact that the petitioners and the builder supposed that a lien existed, and that they and the other parties interested treated the property as subject to the lien.

But a mechanic's lien exists not by contract but by statute; and no understanding or agreement of the parties will be of any avail where the requirements of the statute have not been complied with, especially where third persons have acquired an interest in the property, and the non-compliance is apparent on the record, as in the present case.

Other questions are made in the case, but it is unnecessary to consider them.

For the reasons given above judgment must be advised for the respondents.

In this opinion the other judges concurred; except PHELPS, J., who did not sit.