ANDREW CIANELLI ET AL. *v.* COLEMAN B. LEVY,
TRUSTEE IN BANKRUPTCY (ESTATE OF CON-
NECTICUT STRUCTURES, INC.), ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 8-698-8645

Argued August 3—decided October 2, 1970

*Sidney L. Goldstein,* of New Haven, for the appellants (plaintiffs).

*Lawrence J. Carboni,* of New Haven, for the appellees (defendants).

KINMONTH, J. The plaintiffs bring their action on a bond given in substitution for a mechanic's lien.

Connecticut Structures, Inc., entered into a written contract dated March 11, 1968, with Connecticut Valley Corporation, hereinafter referred to as the defendant, to erect a building on land owned by it.[1] The plaintiffs, as subcontractors, furnished materials and services on this job. The court found the issues for the defendants, and the plaintiffs have appealed, assigning error in the court's finding and conclusions.

The plaintiffs' first assignment of error is addressed to the court's failure to strike certain findings as found without evidence. This claim is without merit, since the challenged paragraphs of the finding either are directly supported by the evidence or are based on inferences reasonably drawn from the evidence. *Schurgast* v. *Schumann,* 156 Conn. 471, 475.

The plaintiffs' second assignment of error seeks to have added to the finding a number of paragraphs of the draft finding on the ground that the facts stated in them were admitted or undisputed. To secure an addition on this ground it is necessary for an appellant to point to some part of the transcript, the pleadings, or an exhibit properly before us which discloses that the appellee admitted that the fact in question was true or that its truth was conceded to be undisputed. That a fact was testified to and was not directly contradicted by another witness is wholly insufficient. The trier is the judge of the credibility of witnesses. *Martin* v. *Kavanewsky,* 157 Conn. 514, 515. The plaintiffs have not established any failure on the part of the trial court to

---

[1] This action was brought against Coleman B. Levy as trustee in bankruptcy of Connecticut Structures, Inc.; the Connecticut Valley Corporation, the owner; and the Travelers Indemnity Company. Upon the appeal we are only concerned with the defendant Connecticut Valley Corporation.

include in its finding any fact which was admitted or undisputed. The plaintiffs are not entitled to any changes in the finding.

The plaintiffs finally assign error in the conclusions of the trial court. The court's conclusions are to be tested by the finding and must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Mayock* v. *Martin,* 157 Conn. 56, 62. We do not retry facts or determine the credibility of witnesses. *French* v. *Oberreuter,* 157 Conn. 181, 184.

The following facts were found: The defendant is a land development corporation engaged in constructing commercial buildings on land it owns. On March 11, 1968, the defendant contracted with Connecticut Structures, Inc., to furnish, fabricate and erect structural steel, steel joists and a steel roof deck on a building, to be 120 by 180 feet, for the price of $27,000. This building was to be located approximately 700 feet to the rear of a building occupied by the defendant and used to conduct its own business. Connecticut Structures, Inc., subcontracted the work of erecting structural steel, steel joists and a roof deck to the plaintiffs for the sum of $3803, as evidenced by a purchase order dated July 16, 1968. The plaintiffs commenced work on the building on July 12, 1968, and had their thirty-five-ton crane on the job with workmen on July 12 and 13, on which days they proceeded to erect the structural steel and joists, and the steel deck was landed in big bundles on top of the steel joists. The roof of the structure was bare. On July 19, 22, 24, 25 and 27, the plaintiffs straightened the building and steel joists, put in x-braces, put down the steel roof deck and welded it to the steel joists, completing the job on July 27, 1968. On

July 17, 1968, the president of Connecticut Struc-
tures, Inc., came to the office of the defendant and
stated to Fecke, president of the defendant, that the
job was done and requested payment. Fecke asked,
"What will you do for me?" and the reply was a
2 percent discount. The man who asked for payment
was a new officer of Connecticut Structures, Inc.,
unknown to Fecke, and he phoned the office of
Connecticut Structures, Inc., to verify that this man
was president. Fecke then drew a check which al-
lowed for a 2 percent discount, and he had the
treasurer of the defendant sign the check. Both
officers of the defendant made a cursory inspection
of the work from a distance of 700 feet and were
satisfied that the work was complete. The defendant,
on July 18, 1968, painted the steel columns, which
is not done until the steel work is completed. The
defendant made no inquiry as to whether there were
subcontractors on the job, nor any further inspec-
tion of the building before making payment. On
August 16, 1968, the plaintiffs served a notice of lien,
and it filed its lien with the town clerk on August 19,
1968. Connecticut Structures, Inc., is in bankruptcy.
The contract between Connecticut Structures, Inc.,
and the defendant had no stipulation or provision
for the time when, or the place where, payment was
to be made. The defendant had erected two buildings
prior to the one in question, and on all buildings it
acted as its own general contractor, sublet various
aspects of the job, and performed its own cursory
supervision. Connecticut Structures, Inc., did the
structural steel work on all three buildings. As a
result of the prior work, a relationship of trust and
goodwill was established. At the time of the pay-
ment and prior thereto, the defendant had no
knowledge that the plaintiffs were subcontractors
but assumed that Connecticut Structures, Inc., used
its own men on the job. Except for a hired crane,

the defendant did not have even a general knowledge that persons other than Connecticut Structures, Inc., were actually doing the work. Prior to the payment, neither the plaintiffs nor their agents advised the defendant that they were subcontractors. The work performed by the plaintiffs would normally take a few days to complete. On the date of payment, the work to be performed by Connecticut Structures, Inc., was not complete. This payment was made in good faith. The plaintiffs offered no evidence to prove that they did not receive payment from Connecticut Structures, Inc., after the filing of their lien, nor any evidence that the defendant intended to defraud anyone.

From these facts the court concluded that the payment of July 17, 1968, was made in good faith and that it was a defense in toto to the plaintiffs' right to a lien.

The plaintiffs contend that the trial court erred in finding that the defendant in good faith paid the full contract price before it had any knowledge or information that the plaintiffs were furnishing services for its building. The plaintiffs insist that this conclusion is not justified by the evidence which is before us, and we are asked to correct the finding so that it will express an opposite conclusion. As stated above, the plaintiffs are not entitled to any changes in the finding. An examination of the record discloses that the evidence was conflicting and that the weight of it tended to sustain the defendant's contention that the payment made to the contractor was made in good faith. The proof relied on by the plaintiffs to show that the payment made by the defendant to the contractor was not made in good faith was that the defendant had a general knowledge that the crane did not belong to the contractor and that therefore someone else must be

furnishing services. This was not enough. Everybody who contracts for a building must know in a general way that the contractor is not doing the work with his own hands, nor, as a rule, with his own equipment. The statute,[2] however, "contemplates a degree of knowledge sufficient to give written notice to each person who has furnished materials or rendered services, and that must involve a knowledge of the names of such persons and of their relation to the work. The plain implication of the statute is that only persons so known are entitled to notice." *DeWolf* v. *Bonee,* 91 Conn. 712, 716.

The finding of the court is in substance that the defendant did not, until after the payment had been made, have knowledge by name of any person who had rendered services. The burden of proof is on the plaintiffs, who claim that payment was not made in good faith, to bring home to the defendant the fact of knowledge at the time of the payment, and on these findings the plaintiffs have failed to sustain that burden of proof. See *Hubbell, Hall & Randall Co.* v. *Pentecost,* 89 Conn. 262, 268.

The statute is explicit: only payments made to the contractor by the owner in good faith before receiving notice of the lien shall be allowed. What constitutes a payment in good faith the statute leaves for judicial determination. It particularizes as to

[2] "Sec. 49-36. LIENS LIMITED; APPORTIONMENT; PAYMENTS TO ORIGINAL CONTRACTOR. . . . [I]n determining the amount to which any lien or liens shall attach upon any land or building, the owner of such land or building shall be allowed whatever payments he has made, in good faith, to the original contractor or contractors, before receiving notice of such lien or liens. No payments made in advance of the time stipulated in the original contract shall be considered as made in good faith, unless notice of intention to make such payment has been given in writing to each person known to have furnished materials or rendered services at least five days before such payment is made."

one form of payments—advance payments—and imposes on the owner the duty of giving notice of his intention to make such payments to all known subcontractors five days before such payments are made. See *J. L. Purcell, Inc.* v. *Libbey,* 111 Conn. 132. Although the court found that the work was not completed on the day of payment, we cannot hold that the payment was an advance payment. The provisions of the contract are not of a character to furnish definite information to subcontractors as to the time and amount of payments. As a matter of fact, the contract contained no provisions apart from the contract price. Therefore it cannot be said that the payment was an advance payment. *Kelly* v. *Alling,* 84 Conn. 487, 491. The payment not having been made in advance, the court's finding that it was made in good faith cannot be disturbed.

The plaintiffs in their argument and brief suggest that they are at least entitled to the 2 percent discount given to the defendant. This claim is without merit. It is a common practice to give cash discounts, and furthermore the plaintiffs have failed to show that they knew the terms of the contract and relied on it.

We find nothing in the appeal which requires us to disturb the findings and conclusions of the trial court.

There is no error.

In this opinion CASALE and LEXTON, Js., concurred.