RALPH BUTCH *v.* KANDASWAMY THANGAMUTHU ET AL.
(13263)

DUPONT, C. J., and LANDAU and HENNESSY, Js.

Argued February 6—decision released April 18, 1995

*John S. Pinney,* for the appellant (plaintiff).

*Thomas W. Witherington,* with whom was *Maura H. Horan,* for the appellees (defendants).

HENNESSY, J. The plaintiff appeals from a judgment in favor of the defendants barring the foreclosure of a mechanic's lien. The plaintiff claims that the trial court improperly concluded that a mechanic's lien filed against a single lot in a subdivision is valid only with respect to services and materials furnished in the development of that lot. We disagree and affirm the judgment of the trial court.

The facts underlying this appeal are as follows. On August 3, 1988, the plaintiff, doing business as Butch

& Loveland Company, entered into a contract to perform sewer and road work for an eighteen lot subdivision in Simsbury. Lot fourteen of the subdivision was sold to the defendants on April 27, 1989. The defendants have remained the owners of lot fourteen at all times relevant to this appeal. The plaintiff's work on the subdivision was completed on July 10, 1989. Thereafter, on October 5, 1989, the plaintiff filed a mechanic's lien on lot fourteen to collect the sum of $83,391.65, which was the amount that remained outstanding on his contract to perform work for the entire subdivision.

Also on October 5, 1989, the plaintiff filed a mechanic's lien against lots one, two, four, five, six, seven, eight, nine, twelve, sixteen, seventeen and eighteen, which were owned by Pheasant Farm Associates, and another mechanic's lien against lots three, ten, eleven and thirteen, which were owned by Design Development, Inc. Each of these mechanic's liens was to collect the same sum of $83,391.65 outstanding on the contract to perform work for the entire subdivision. The subdivision property, except lot fourteen, was later foreclosed on by the bank that held a first mortgage on the subdivision property. This extinguished the plaintiff's mechanic's liens, except the one against lot fourteen.

On March 6, 1990, the plaintiff commenced an action seeking to foreclose the mechanic's lien on the defendants' property. The defendants defended on the basis that, inter alia, the lien was valid only to the extent that services had been rendered or materials supplied for the benefit of lot fourteen. Following trial, the trial court agreed with the defendants on this issue. The trial court held that "[u]nder the language of General Statutes § 49-33, the plaintiff may file a blanket lien against a 'plot' of land, which in this case would have been all lots in the subdivision. If he chooses to file the lien

against only one lot, then the lien must be limited to the value of the improvements on that lot."

On January 21, 1994, the trial court held a hearing, providing the plaintiff with an opportunity to supply evidence as to the value of services rendered and materials furnished for the benefit of lot fourteen. The plaintiff declined to offer any such evidence. Accordingly, the trial court rendered judgment in favor of the defendants.

When the plain language of a statute is unambiguous, we do not normally look further to determine its meaning. *University of Connecticut* v. *Freedom of Information Commission*, 217 Conn. 322, 328, 585 A.2d 690 (1991). General Statutes § 49-33 (a)[1] identifies three situations in which a mechanic's lien can be filed. Those three situations are when materials are furnished and services are rendered for (1) the construction, raising, removal or repair of any building or any of its appurtenances, (2) the improvement of any lot, and (3) the site development or subdivision of any plot of land. In each situation, the statute specifies what property is subject to a mechanic's lien. In the first and second situations "the building, with the land on which it stands or the lot . . . is subject to the payment of the claim." General Statutes § 49-33 (a). "[I]n the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then the plot of land, is subject to the payment of the claim." General Statutes § 49-33 (a). Nowhere does the

---

[1] General Statutes § 49-33 (a) provides in relevant part: "If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land . . . the building, with the land on which it stands or the lot or in the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then the plot of land, is subject to the payment of the claim."

statute suggest that a single lot of land in a subdivided plot is subject to the payment of a claim for services rendered or materials furnished in the site development or subdivision of the entire plot. Instead, the statute unambiguously indicates that the subdivided plot of land is the property to which a mechanic's lien must be attached when the plaintiff seeks to secure payment for materials and services provided to improve the plot being subdivided. See also *DeWolf* v. *Bonee*, 91 Conn. 712, 717, 101 A. 233 (1917) (mechanic's lien invalid because placed on property not fully chargeable with amount stated in lien).

Under the language of § 49-33 (a), the plaintiff had a choice of filing a blanket lien against the plot of land that had been subdivided, or filing liens against the individual lots to secure sums due for improvements to each lot. When the plaintiff chose to proceed against individual lots, he limited himself to claiming in each lien an amount commensurate with the materials furnished and services rendered to improve each individual lot.

The plaintiff claims that his three separate mechanic's liens constituted a single claim against the subdivided plot of land. He argues that if he had filed a single blanket lien it would not have been binding against the defendants because it would not have shown up in their chain of title. This argument is without merit. A blanket lien against the subdivided plot of land would have named Pheasant Farm Associates, Design Development, Inc., and the defendants as owners, and would have been served on the defendants pursuant to General Statutes §§ 49-34 and 49-35. See *Papa* v. *Greenwich Green, Inc.*, 177 Conn. 295, 302–303, 416 A.2d 1196 (1979). We have previously held that the filing of a blanket lien against a subdivision is the appropriate way for a contractor providing materials and services for a subdivision to proceed, even when some lots in the subdivision have subsequently been transferred to

individual owners. *Pomarico* v. *Gary Construction, Inc.,* 5 Conn. App. 106, 111, 497 A.2d 70, cert. denied, 197 Conn. 816, 499 A.2d 1336 (1985).

The judgment is affirmed.

In this opinion the other judges concurred.