## NEW ENGLAND SAVINGS BANK *v.* MEADOW LAKES REALTY COMPANY ET AL.

## ANGUS MCDONALD/GARY SHARPE AND ASSOCIATES, INC. *v.* GLEN LAKES REALTY COMPANY ET AL. (15207)

Peters, C. J., and Callahan, Borden, Norcott and Palmer, Js.

Argued November 1, 1995—decision released January 2, 1996

*John S. Bennet*, for the appellant (Angus McDonald/ Gary Sharpe and Associates, Inc.).

*Jeffrey F. Buebendorf*, with whom, on the brief, was *Michael D. Colonese*, for the appellee (ALI, Inc.).

CALLAHAN, J. The sole issue in this certified appeal is whether the Appellate Court properly dismissed an appeal because it had not been timely filed. Underlying the appeal are two foreclosure actions with respect to the same real property in East Lyme. One, *Angus McDonald/Gary Sharpe & Associates, Inc.* v. *Glen Lakes Realty*, involved the foreclosure of a mechanic's lien. The other, *New England Savings Bank* v. *Meadow*

*Lakes Realty Co.*, involved a mortgage foreclosure. The two actions were consolidated for trial in order to resolve competing claims of priority between the two liens. In the mortgage foreclosure action, a motion to substitute ALI, Inc. (ALI), as the plaintiff was granted because New England Savings Bank, through the United States comptroller of the currency, had transferred and set over to ALI the subject mortgage deed and note for $400,000. ALI also was substituted for New England Savings Bank in the mechanic's lien foreclosure action in which the bank was named as a defendant.

On September 13, 1994, during a trial on the merits of the foreclosure actions, the trial court ruled that the mechanic's lien held by Angus McDonald/Gary Sharpe and Associates, Inc. (Associates), was invalid[1] and ordered it discharged. Thereafter, the court proceeded with the trial in order to determine the total amount due ALI on its mortgage note, set the law days and award various fees. On September 26, Associates filed a notice of reservation of right to appeal the discharge of its mechanic's lien pursuant to Practice Book § 4002.[2] On October 24, the trial court rendered a judgment of

---

[1] The court declared that the lien was invalid because it did not adequately describe the property that was subject to the lien; General Statutes § 49-34 (1) (A); because the lien was placed on one parcel based upon work done on another parcel; see *DeWolf* v. *Bonee*, 91 Conn. 712, 101 A. 233 (1917); because at least part of the lien was for work performed without the consent of the record owner in violation of General Statutes § 49-33 (a); see *Centerbrook, Architects & Planners* v. *Laurel Nursing Services, Inc.*, 224 Conn. 580, 591, 620 A.2d 127 (1993); and because of the potential conflict of interest of Angus McDonald who served as both a partner and a potential creditor of Associates.

[2] Practice Book § 4002 provides: "Appeal from Judgment Disposing of Part of Issues

"(a) A judgment pursuant to subsections (b) or (c) of this rule that disposes of certain of the issues between the parties or of part or all of the issues between some of them may be treated as a final judgment for the purpose of an appeal by the party or parties against whom the judgment is rendered, notwithstanding that the cause remains undisposed of on other issues or as to other parties. Alternatively, the party or parties may reserve their

strict foreclosure in favor of ALI. As part of that judgment, the court set law days and awarded counsel fees, a title search fee and appraisal fees.

On November 9, 1994, Associates appealed to the Appellate Court from the judgment of discharge of its mechanic's lien. On November 18, 1994, ALI moved to dismiss Associates' appeal, claiming that the appeal had not been timely filed pursuant to General Statutes § 49-

appeal until the final judgment is rendered which disposes of the cause for all purposes and as respects all parties; provided, in such a case, that notice of such reserving of appeal shall be filed in the trial court accompanied by a certification that a copy thereof has been served on each counsel of record in accordance with the provisions of Sec. 4014 within twenty days after issuance of notice of the rendition of the judgment disposing of part of the issues.

"(b) When an entire complaint, counterclaim or cross complaint has been stricken, the trial court may, pursuant to Sec. 157, render judgment on such stricken complaint, counterclaim or cross complaint.

"When fewer than all of the counts of a complaint, counterclaim or cross complaint have been stricken, the trial court may, upon motion pursuant to this subsection, render judgment upon such stricken counts if (1) such counts are directed against a party against whom no relief is sought in the remaining counts of such pleading, or (2) the parties consent to entry of judgment and the trial court makes a written finding or written determination that the issues involved in the stricken counts are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified. A party entitled to appeal from such judgment may appeal regardless of which party moved for the judgment to be made final.

"(c) When a motion to dismiss pursuant to Sec. 142 or a summary judgment pursuant to Sec. 378 has been granted upon an entire complaint, counterclaim or cross complaint, such dismissal or summary judgment shall constitute a final judgment.

"When fewer than all of the counts of a complaint, counterclaim or cross complaint have been dismissed, or when summary judgment has been granted upon fewer than all of the counts of a complaint, counterclaim or cross complaint, such partial dismissal or partial summary judgment shall constitute a final judgment if (1) such counts are directed against a party against whom no relief is sought in the remaining counts of such pleading, or (2) the parties consent to the rendition of judgment and the trial court makes a written finding or written determination that the issues involved in the counts as to which a motion to dismiss or for summary judgment has been granted are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified."

35c (b).[3] The Appellate Court, without comment, granted ALI's motion to dismiss on December 14, 1994.[4] We granted Associates' petition for certification limited to the following question: "Did the Appellate Court properly dismiss this appeal for untimeliness?" *Angus McDonald/Gary Sharpe & Associates, Inc.* v. *Glen Lakes Realty*, 232 Conn. 915, 655 A.2d 259 (1995).

For purposes of our review of the Appellate Court's dismissal of Associates' appeal, we assume that the Appellate Court based its dismissal on the only grounds alleged in ALI's motion to dismiss, i.e., that Associates' appeal was not timely filed within the seven day time

[3] General Statutes § 49-35c provides: "Appeal. (a) Any order entered as provided in subsection (b) of section 49-35b shall be deemed a final judgment for the purpose of appeal.

"(b) No appeal may be taken from the order except within seven days thereof. The effect of the order shall be automatically stayed for the seven-day period. If an appeal is taken within the seven-day period, the party taking the appeal may, within that period, file an application with the clerk of the court in which the order was issued, requesting a stay of the effect of the order pending the appeal, which application shall set forth the reasons for the request. A copy of the application shall be sent to each other party by the applicant. Upon the filing of the application, the effect of the order shall be further stayed until a decision is rendered thereon. A hearing on the application shall be held promptly. The order shall be stayed if the party taking the appeal posts a bond, as provided in subsection (c) of this section.

"(c) Upon the hearing on the application, the court shall: (1) Upon motion of the party taking the appeal, set a bond with surety for the stay of the order as provided in subsection (b) of this section, in an amount which the court deems sufficient to indemnify the adverse party for any damages which may result from the stay. If the party taking the appeal gives that bond the order shall be stayed; or (2) grant the stay; or (3) deny the stay; or (4) condition the granting of the stay upon the giving of such a bond.

"(d) Any order of discharge or reduction or any order of any such stay shall take effect upon recording of a certified copy thereof in the office of the town clerk in which such lien was originally recorded. The clerk of the court in which any such order is issued shall not deliver any certified copies thereof until the time for taking an appeal has elapsed or, if an appeal is taken and an application for a stay of the order is filed, until such time as a decision granting or denying the stay has been rendered."

[4] On December 21, 1994, Associates filed a motion for reconsideration. That motion was denied on January 18, 1995.

period mandated by § 49-35c (b). ALI claims that even though Associates' lien was discharged during a trial on the merits and not as a result of a pretrial application or motion, the seven day appeal period of § 49-35c (b) is applicable. We disagree with ALI and with the Appellate Court's dismissal of Associates' appeal. We conclude that Associates' appeal is not controlled by § 49-35c and, therefore, should not have been dismissed for failure to adhere to the seven day time limitation contained in § 49-35c (b).

Section 49-35c (b) provides in pertinent part that "[n]o appeal may be taken from *the order* [discharging a mechanic's lien] except within seven days thereof." (Emphasis added.) Section 49-35c (a) limits the applicability of § 49-35c (b) to "order[s] entered as provided in subsection (b) of section 49-35b . . . ." The plain language of § 49-35c (a) and (b), therefore, manifests the legislative intent that the seven day time limit apply only to orders entered pursuant to § 49-35b.[5] Section 49-35b, in turn, refers back to "hearing[s] held on the application or motion set forth in section 49-35a . . . ." Sequentially, § 49-35a (a)[6] provides: "Whenever one or

---

[5] General Statutes § 49-35b provides: "Burden of proof at hearing. Authority of court. (a) Upon the hearing held on the application or motion set forth in section 49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. Any person entitled to notice under section 49-35a may appear, be heard and prove by clear and convincing evidence that the validity of the lien should not be sustained or the amount of the lien claimed is excessive and should be reduced.

"(b) Upon consideration of the facts before it, the court or judge may: (1) Deny the application or motion if probable cause to sustain the validity of the lien is established; or (2) order the lien discharged if (A) probable cause to sustain its validity is not established, or (B) by clear and convincing evidence its invalidity is established; or (3) reduce the amount of the lien if the amount is found to be excessive by clear and convincing evidence; or (4) order the lien discharged or reduce the amount of the lien conditioned upon the posting of a bond, with surety, in a sum deemed sufficient by the judge to indemnify the lienor for any damage which may occur by the discharge or the reduction of amount."

[6] General Statutes § 49-35a provides in relevant part: "Application for reduction or discharge. Forms. Hearing. Entry fee. (a) Whenever one or

more mechanics' liens are placed upon any real estate . . . the owner of the real estate, if no action to foreclose the lien is then pending before any court, may make application, together with a proposed order and summons, to the superior court for the judicial district in which the lien may be foreclosed under the provisions of section 51-345, or to any judge thereof, that a hearing or hearings be held to determine whether the lien or liens should be discharged or reduced. . . ." Similarly, if an action to foreclose a mechanic's lien is already pending, a party may seek a pretrial adjudication of the validity of the lien under § 49-35a (c), which provides: "If an action for foreclosure of the lien is pending before any court, any party to that action may at any time prior to trial, unless an application under subsection (a) of this section has previously been ruled upon, move that the lien be discharged or reduced."

Section 49-35a (a) and (c) provide for a pretrial determination of probable cause to establish the validity of a mechanic's lien on the application of the owner of the liened real estate or on the motion of any party. The court may deny an application for the discharge of a mechanic's lien if probable cause to sustain the

---

more mechanics' liens are placed upon any real estate pursuant to sections 49-33, 49-34, 49-35 and 49-38, the owner of the real estate, if no action to foreclose the lien is then pending before any court, may make application, together with a proposed order and summons, to the superior court for the judicial district in which the lien may be foreclosed under the provisions of section 51-345, or to any judge thereof, that a hearing or hearings be held to determine whether the lien or liens should be discharged or reduced. The court or judge shall thereupon order reasonable notice of the application to be given to the lienor or lienors named therein and, if the application is not made by all owners of the real estate as may appear of record, shall order reasonable notice of the application to be given to all other such owners, and shall set a date or dates for the hearing or hearings to be held thereon. If the lienor or lienors or any owner entitled to notice is not a resident of this state, the notice shall be given by personal service, registered or certified mail, publication or such other method as the court or judge shall direct. At least four days notice shall be given to the lienor, lienors or owners entitled to notice prior to the date of the hearing."

validity of the lien is established at the pretrial hearing. The court may also order the lien discharged if probable cause is not established or if the lien's invalidity is established by clear and convincing evidence. See General Statutes § 49-35b (b). This pretrial procedure allows for a prompt and relatively inexpensive pretrial determination of the validity of a mechanic's lien prior to the trial of a foreclosure action. See *Pero Building Co.* v. *Smith*, 6 Conn. App. 180, 183, 504 A.2d 524 (1986).

In this case, no motion or application pursuant to § 49-35a to discharge the mechanic's lien was made before trial. The entire statutory scheme on which ALI relies, however, is directed to and intended to apply only to the pretrial adjudication of the validity of a mechanic's lien, and is wholly inapplicable to the discharge of a mechanic's lien as part and parcel of a full trial on the merits of a foreclosure as was the case here. We conclude, therefore, that the seven day time limit in § 49-35c (b) is inapplicable under the present circumstances. Accordingly, Associates' appeal should not have been dismissed on the ground that it was filed after the expiration of the mandatory seven day time period.

ALI raises in this court for the first time the argument that even if the seven day period of § 49-35c (b) is inapplicable to Associates' appeal, the appeal should have been dismissed as untimely because it was not filed within the twenty day time limit provided by Practice Book § 4009. This twenty day appeal period is applicable "except where a different period is provided by statute." We have previously held that the twenty day time limit of § 4009, in contrast to many statutory time limits, does not implicate a court's subject matter jurisdiction. *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 761–62, 628 A.2d 1303 (1993). Enforcement of the twenty day limit is, therefore, within the discretion of the court before which the appeal is pending. We decline to decide an issue properly within the

Appellate Court's discretion with which that court was never presented.

The judgment is reversed and the case is remanded to the Appellate Court for further proceedings according to law.

In this opinion the other justices concurred.