[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Glastonbury Police Department appeals from a decision of the defendant Freedom of Information Commission (FOIC) ordering it to provide the defendant Francine E. Karp with redacted records and to henceforth strictly comply with the provisions of General Statutes §§ 1-19(a) and 1-15(a). The plaintiff is a municipal police organization and a public agency under General Statutes § 1-18a(a). For the reasons set forth below, the court finds in favor of the defendants.
This appeal arose from a May 15, 1996 request made by Karp, a police officer employed by the plaintiff, for case reports and accompanying documents regarding two incidents involving minors. The plaintiff referred the request to the town attorney and did CT Page 3609 not disclose the documents to Karp. On June 20, 1996, Karp complained to the FOIC that the plaintiff's failure to disclose the requested documents violated the Freedom of Information Act (FOIA). The FOIC held a hearing on November 25, 1996, and issued a proposed final decision on February 21, 1997. On March 12, 1997, there was oral argument on the proposed final decision, when the plaintiff argued that the requested documents were exempt under General Statutes §§ 1-19 and 46b-124. On March 20, 1997, the FOIC issued its final decision dated March 12, 1997. In that final decision, the FOIC made the following findings and conclusions:
 10. It is found that § 46b-124(a), G.S., relates to judicial records only.
 11. It is therefore concluded that the requested records are not exempt from disclosure pursuant to §§ 1-19(a) and 46b-124(a), G.S.
 13. It is found that the requested records are police investigation records that pertain to the activities of minors.
 14. It is also found that the respondent failed to prove that the disclosure of the requested records, redacted as requested by the complainant, would result in the disclosure of arrest records of a juvenile within the meaning of § 1-19
(b)(3)(E), G.S.
 15. It is therefore concluded that the respondent violated §§ 1-19(a) and 1-15(a), G.S., by failing to provide the complainant with copies of the requested records described in paragraphs 2a) and b) above.
(Return of Record (ROR), Item 18.)
In this appeal, the plaintiff raises two issues. It first argues that the FOIC's conclusion that the requested documents were not exempt under General Statutes § 46b-124 was unreasonable, arbitrary and erroneous as a matter of law. It makes a similar argument in its second claim that the FOIC wrongly concluded that the documents were not exempt under General Statutes § 1-19(b).
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial CT Page 3610 evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations omitted; internal quotation marks omitted.) Dolgner v. Alander, 237 Conn. 272, 280 (1996). This court "must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. Ottochian v. Freedom ofInformation Commission, [221 Conn. 393, 397 (1992)]. Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . New Haven v. Freedom of Information Commission,205 Conn. 767, 774, 535 A.2d 1297 (1988)." (Internal quotation marks omitted.) Perkins v. Freedom of Information Commission,228 Conn. 158, 164-65 (1993).
Notwithstanding the language of Perkins, however, the Supreme Court has recently stated that the deferential standard does not apply to a court's review of an "agency's construction of a statute, which is a pure question of law, particularly when the question has not been subjected to prior judicial review."Connecticut Light Power Co. v. Texas-Ohio Power, Inc.,243 Conn. 635, 644 (1998).
General Statutes § 46b-124 which is entitled, "Confidentiality of Records of Juvenile Matters," provides in part:
 (a) All records of cases of juvenile matters, as defined in section 46b-121, except proceedings concerning delinquent children, or any part thereof, and all records of appeals from probate brought to the superior court for juvenile matters pursuant to subsection (b) of section 45a-186, including studies and reports by probation officers, social agencies and clinics, shall be confidential and for the use of the court in juvenile matters, and open to inspection or disclosure to any third party, including bona fide researchers commissioned by a state agency, only upon order of the Superior Court, except that (1) the CT Page 3611 records concerning any matter transferred from a court of probate pursuant to section 45a-623 or subsection (g) of section 45a-715
or any appeal from probate to the superior court for juvenile matters pursuant to subsection (b) of section 45a-186 shall be available to the court of probate from which such matter was transferred or from which such appeal was taken, (2) such records shall be available to the attorney representing the child or youth, his parents or guardian and to an adult adopted person in accordance with the provisions of sections 45a-736, 45a-737 and 45a-743 to 45a-757, inclusive, and to another court under the provisions of section 46b-111, and (3) psychological evaluations shall be available to the Commissioner of Children and Families for purposes of diagnosing, caring for or treating a child in the care or custody of the commissioner. Any record or any part thereof forwarded by said court or any of its employees to any persons, governmental and private agencies, and institutions, shall not be disclosed, directly or indirectly, to any third party not specified in subsection (c) of this section save upon order of said court or except in the report required under section 54-76d or 54-19a.
 (b) All records of cases of juvenile matters involving proceedings concerning delinquent children, or any part thereof, including court records, records of law enforcement agencies including fingerprints, photographs and physical descriptions, and medical, psychological, psychiatric and social welfare studies and reports by probation officers, public or private institutions, social agencies and clinics, shall be confidential and for the use of the court in juvenile matters and shall not be disclosed except as provided in this section.
(Emphases added.) General Statutes § 46b-121 defines "juvenile matters" as including all proceedings concerning uncared-for, neglected or dependent children and youth within this state, termination of parental rights of children committed to a state agency, matters concerning families with service needs, contested matters involving termination of parental rights or removal of guardian transferred from the Probate Court and the emancipation of minors, and all proceedings concerning delinquent children in the state.
The plaintiff claims that the statute protects more than the records contained in the juvenile court file and in fact protects the police department records concerning minors. It argues that the language of the statute is ambiguous as to the scope of the CT Page 3612 matters to be kept confidential so that the court should use other tools of statutory construction beyond a reading of the statutory language. While the court appreciates the thoughtfulness of and the purpose behind the plaintiff's argument, the court finds that the statute is clear in its meaning. "When the plain language of a statute is ambiguous, we do not normally look further to determine its meaning." Butch v.Thangamuthu, 37 Conn. App. 547, 549 (1995), citing University ofConnecticut v. Freedom of Information Commission, 217 Conn. 322,328 (1991). The plain language of the statute requires confidentiality of records of juvenile court matters. See In ReSheldon G., 216 Conn. 563, 569 (1990) (history of § 46b-124). The plain language of the statute does not include police department records unless they are a part of "records of cases of Juvenile matters." There is nothing in the record in this case to suggest that the requested documents were records of juvenile court matters.
The purpose behind the FOIA is to promote the policy favoring open conduct of government and free public access to government records. Accordingly, the court's construction of the FOIA "must be guided by the policy favoring disclosure, and exceptions to disclosure must be narrowly construed." Superintendent of Policev. Freedom of Information Commission, 222 Conn. 621, 626 (1992). The burden of proving the applicability of the exception rests with the party claiming the exception. Wilson v. Freedom ofInformation, 181 Conn. 324, 239 (1980). The plaintiff has failed to meet its burden of proving an exemption under General Statutes § 46b-124.
The plaintiff also claims that the FOIC erroneously concluded that General Statutes § 1-19(b) did not apply to exempt these documents from disclosure. The FOIC found that the plaintiff failed to prove exemption under (b)(3)(E) of §1-19: That section reads:
 (b) Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . .
 (3) records of law enforcement agencies not otherwise available to the public which records were compiled in connection with the detection or investigation of crime, if the disclosure of said records would not be in the public interest CT Page 3613 because it would result in the disclosure of (A) the identity of informants not otherwise known or the identity of witnesses not otherwise known whose safety would be endangered or who would be subject to threat or intimidation if their identity was made known, (B) signed statements of witnesses, (C) information to be used in a prospective law enforcement action if prejudicial to such action, (D) investigatory techniques not otherwise known to the general public, (E) arrest records of a juvenile, which shall also include any investigatory files, concerning the arrest of such juvenile, compiled for law enforcement purposes, (F) the name and address of the victim of a sexual assault under section 53a-70, 53a-70a, 53a-71, 53a-72a, 53a-72b or 53a-73a, or injury or risk of injury, or impairing of morals under section 53-21, or of an attempt thereof or (G) uncorroborated allegations subject to destruction pursuant to section 1-20c.
(Emphasis added.)
There is no evidence in the record to show that the minors involved in the incident were arrested. Accordingly, § 1-19
(b)(3)(E) does not apply to exempt these records from disclosure.
The plaintiff finally raises an argument not raised before the FOIC. It claims that the FOIC should not have ordered disclosure because General Statutes § 1-19 (b)(3)(G) applies. In accordance with the Appellate Court's holdings in Hartford v.Freedom of Information Commission, 41 Conn. App. 67, 72-73 (1996) and Dortenzio v. Freedom of Information Commission,42 Conn. App. 402 (1996), this court declines to examine or consider the issue of the applicability of § 1-19 (b)(3)(G) because it was neither raised below nor addressed by the FOIC.
The plaintiff argues that the FOIC's decision ordering the release of the documents in redacted form is unauthorized by General Statutes § 46b-124. In this case the FOIC ordered disclosure of the records with the names and any identifying information pertaining to minors redacted. In light of the court's decision that the records sought are not protected pursuant to § 46b-124, the FOIC did not exceed its authority in ordering the records disclosed in redacted form. General Statutes § 1-21i(b)(2) gives the FOIC discretion to formulate an appropriate remedy for violations of the FOIA. Pursuant to this section, the FOIC had discretion to order the plaintiff to disclose the records in redacted form. CT Page 3614
The appeal is dismissed.
DiPENTIMA, J.