[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#110) DEFENDANT'S MOTION TO DISCHARGE OR REDUCE MECHANIC'S LIEN
On May 10, 2001, the plaintiff, B.A.C. Electrical Construction Co., Inc. (B.A.C.), filed this action against the defendant, Bohnsack Family, LLC, claiming foreclosure and unjust enrichment. The following facts are undisputed.
Gunther Bohnsack owned property at 65 Vale Road, Brookfield, which he leased to Mese-Bodahl, LLC d/b/a Mese-Bodahl Manufacturing (Mese-Bodahl).
On December 23, 1999, Bohnsack conveyed his interest in the property to the defendant. Between April 30, 1999, and June 19, 2000, B.A.C. furnished material and rendered labor in the construction of improvements to the Vale Road premises pursuant to an agreement it had with Mese-Bodahl.
On July 14, 2000, B.A.C. filed a certificate of mechanic's lien against the defendant in the amount of the outstanding balance due on the work it performed.
On December 5, 2001, the defendant filed a motion to discharge the mechanic's lien.
In support of its motion, the defendant asserts that it did not give consent for the plaintiff to do the construction work and that Mese-Bodahl was not acting as its agent when it contracted with B.A.C.
B.A.C. counters that the defendant impliedly consented to the CT Page 8224 construction work because Bohnsack was a consultant to Mese-Bodahl during the time of the improvements, the defendant, as the landlord, had an obligation to correct electrical code violations and install safety equipment and at the expiration of the lease, the defendant became the owner of the structural alterations.
On a motion to discharge a mechanic's lien, "[t]he court may . . . order the lien discharged if probable cause is not established or if the lien's invalidity is established by clear and convincing evidence." NewEngland Savings Bank v. Meadow Lakes Realty Co., 235 Conn. 663, 670,668 A.2d 712 (1996); see General Statutes § 49-35b. "Those who provide services or materials in connection with the construction of a building are entitled to claim a lien on the land that they have improved if they fall into one of two categories. Lienors are protected if they have a claim either (1) by virtue of an agreement with or the consent of the owner of the land, or (2) by the consent of some person having authority from or rightfully acting for such owner in procuring labor or materials." (Internal quotation marks omitted.) Hall v. Peacock Fixture Electric Co., 193 Conn. 290, 293, 475 A.2d 1100 (1984); see General Statutes § 49-33 (a). However, "[t]he mere granting of permission for work to be conducted on one's property has never been deemed sufficient to support a mechanic's lien against the property." Hall v. PeacockFixture Electric Co., supra, 193 Conn. 295. Moreover, "[a] landowner does not subject his property to a mechanic's lien by simply allowing work to be done on it. . . . Nor does the owner's knowledge that the work is being done subject the property to a mechanic's lien. . . . The consent meant by [§ 49-33 (a)] must be a consent that indicates an agreement that the owner of at least the land shall be, or may be, liable for the materials or labor. . . . Although an express contract is not necessary for such a consent, the services must be furnished under circumstances indicating an implied contract by the owner to pay for them." (Citations omitted; internal quotation marks omitted.)Centerbrook, Architects Planners v. Laurel Nursing Services, Inc.,224 Conn. 580, 591, 620 A.2d 127 (1993).
In this case, according to the evidence, no actual or implied consent exists. Nothing in the lease between Mese-Bodahl and the defendant implies that the defendant assumed liability for improvements contracted for by Mese-Bodahl. The lease states that all improvements or interior alterations were to be performed at Mese-Bodahl's expense. Moreover, the owner of B.A.C., Bruno Cavallaro, Jr., testified that he had never seen or spoken with Bohnsack prior to his court appearance. Thus, nothing in the contact between the parties nor the defendant's actions can be considered consent.
The plaintiff has not established probable cause to sustain the CT Page 8225 validity of the lien. Accordingly, the defendant's motion to discharge the mechanic's lien is granted.
By the Court,
 ___________________ Joseph W. Doherty, Judge