[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN
The plaintiff in this matter has filed an application for the discharge or reduction of a mechanic's lien which the defendant placed on real property owned by the plaintiff at 28 Dennison Road, in Essex, Connecticut.
An evidentiary hearing was held on September 16, 2002. The court has carefully considered all of the evidence presented at hearing, as well as the memoranda subsequently submitted by counsel.
 FACTUAL FINDINGS
The defendant operates a landscaping business. In June of 2000, he was introduced to the plaintiff by A.J. Shea, a general contractor who was doing renovation work on the plaintiffs property at 28 Dennison Road in Essex. Mr. Shea referred the defendant to the plaintiff as his (Shea's) "landscaper of choice."
Although A.J. Shea was present at some meetings between the parties, the evidence at hearing established that the defendant negotiated directly with the plaintiff concerning all details of the landscaping work to be done at 28 Dennison Road. The evidence also established that the defendant did not work under Mr. Shea's direction or control while performing landscaping services for the plaintiff.
On July 23, 2000, the defendant provided the plaintiff with a written proposal estimating a total cost of $65,333.00 for the entire landscaping project. The work was to be performed in three phases (see Defendant's Exhibit #3). The July 23, 2000 proposal was never signed by either of the parties. The court finds that there was no signed, written contract between the plaintiff and the defendant. CT Page 14664
During the fall of 2000, the defendant completed the first phase of the work, which included the installation of a patio with granite steps. The plaintiff paid the defendant $14,288.00 for this work.
The second phase, which involved the construction of a brick walkway, the installation of ornamental iron work, and various plantings, was completed in June, 2001. The plaintiff paid the defendant $9,853.00 for the Phase II work.
On June 13, 2001, the defendant met with the plaintiff to discuss the third phase of the project. Around that time, the plaintiff was leaving for a trip to Great Britain. On June 23, 2001, the defendant faxed a revised quote for the Phase III work to the plaintiff in Great Britain. This quote was not seen by the plaintiff until approximately July 11, 2001. Some time between June 13, 2001 and July 11, 2001, the defendant began performance of the Phase III landscaping work at 28 Dennison Road without having heard back from the plaintiff.
The work was substantially completed on July 13, 2001, when the defendant received a fax from the plaintiff in which the plaintiff expressed shock at the amount of the price she had been quoted for the Phase III work. The plaintiff claimed in that communication that she had budgeted $23,000.00 for the Phase III work.
On July 24, 2001, the defendant sent an invoice to the plaintiff for the completed Phase III work (see Plaintiffs Exhibit D).
The invoice noted that it was for labor, equipment and materials to install the landscaping at the Essex residence. It also had the following notation: "(reference: 6/23 and 7/15 e-mail.)" The total bill was for $22,999.00. The plaintiff paid that sum in full to the defendant on August 13, 2001.
Although the bill which the defendant submitted to plaintiff for the Phase III work was completely paid, the defendant filed a mechanic's lien against the plaintiffs property in Essex on October 26, 2001 for the amount of $13,842.00. The defendant claims that this sum is owed to him as the unpaid amount due on the alleged contract price of $65,333.00.
Based on the evidence presented at hearing, the court does not find that the defendant functioned as a subcontractor for A.J. Shea in connection with the landscaping work at 28 Dennison Road. Although Mr. Shea "referred" the defendant to the plaintiff, the evidence at hearing proved that the defendant negotiated directly with the plaintiff, and was not under the direction or control of Mr. Shea during the subject CT Page 14665 transaction. The court finds that the defendant was a home improvement contractor as defined by Connecticut General Statute 20-419 (3).
The court also finds, based on the evidence presented, that the defendant was not licensed as a home improvement contractor in Connecticut at the time he negotiated with the plaintiff and performed the landscaping work at her property.
 STANDARD OF REVIEW
The standard of review for an application for discharge or reduction of a mechanic's lien, filed with accompanying and opposing memoranda of law, is analogous to a motion seeking summary judgment. See Fink v.Olson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 960335948 (November 19, 1996, Stevens, J.).
"[S]ummary judgment procedure . . . is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." (Citations omitted; internal quotation marks omitted.) Mac's Car City, Inc. v.American National Bank, 205 Conn. 255, 261, 532 A.2d 1302 (1987). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1985).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247,250, 802 A.2d 63 (2002). "If the . . . supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming the movant has met [her] burden of proof." (Internal quotation marks omitted.) Associates Financial Services of America, Inc.v. Sorensen, 46 Conn. App. 721, 732, 700 A.2d 107 (1997), appeal dismissed, 245 Conn. 168, 710 A.2d 769 (1998). "The presence . . . of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." (Internal quotation marks omitted.) Wadia Enterprises, Inc.v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992).
Generally, "[l]ienors are protected if they have a claim either (1) by virtue of an agreement with or the consent of the owner of the land, or (2) by the consent of some person having authority from or rightfully CT Page 14666 acting for such owner in procuring labor or materials." (Internal quotation marks omitted.) Centerbrook, Architects Planners v.Laurel Nursing Services, Inc., 224 Conn. 580, 584, 620 A.2d 127 (1993). "The court may deny an application for the discharge of a mechanic's lien if probable cause to sustain the validity of the lien is established at the pretrial hearing. The court may also order the lien discharged if probable cause is not established or if the lien's invalidity is established by clear and convincing evidence. See General Statutes §49-35b (b)." New England Savings Bank v. Meadow Lakes Realty Co.,235 Conn. 663, 669-70, 668 A.2d 712 (1996).
"The mere granting of permission for work to be conducted on one's property has never been deemed sufficient to support a mechanic's lien against the property." Hall v. Peacock Fixture Electric Co.,193 Conn. 290, 295, 475 A.2d 1100 (1984). "[A] landowner does not subject his property to a mechanic's lien by simply allowing work to be done on it. . . . Nor does the owner's knowledge that the work is being done subject the property to a mechanic's lien." (Citation omitted; internal quotation marks omitted.) Centerbrook Architects Planners v. LaurelNursing Services, Inc., supra, 224 Conn. 580, 591.
 DISCUSSION
Under Connecticut's Home Improvement Act a contractor is "any person who owns and operates a home improvement business or who offers to undertakes, offers to undertake or agrees to perform any home improvement . . . Connecticut General Statute 20-419. The term home improvement specifically includes the landscaping of land on which a private residence is situated. Connecticut General Statute 20-419 (4).
The court finds that the services provided by the defendant to the plaintiff constituted a "home improvement" within the meaning of Connecticut Home Improvement Act.
The defendant claims that he is not bound by the Connecticut Home Improvement Act since he was a subcontractor of A. J. Shea. Although subcontractors are not covered by the act, (see Meadows v. Higgins,249 Conn. 155, 733 A.2d 172 (1999)), this court has already found that the defendant was not a subcontractor when he did the work at 28 Dennison Road. He dealt directly with the plaintiff about the landscaping improvements to her property, and was not supervised by, or under the control of, Mr. Shea.
Home improvement contracts in Connecticut are subject to the strict provisions of Connecticut General Statute 20-429 (a). This statute CT Page 14667 provides in relevant part that: ". . . No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor." Our Supreme Court has held repeatedly that there can be no recovery by a contractor against an owner if the home improvement contract, express or implied, fails to meet the requirements of the Home Improvement Act. Sidney v. DeVries, 215 Conn. 350 (1990).
In the Sidney case, the Supreme Court noted that ". . . absent proof of bad faith on the part of the homeowner, § 20-429 does not permit recovery in quasi contract by a contractor who has failed to comply with the statutory requirement that [n]o home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor." (Internal quotation marks omitted.) Sidney v. DeVries, supra, 354. See also; Barrett Builders v.Miller, 215 Conn. 316 (1990); and A. Secondino Son, Inc. v.LoRicco, 215 Conn. 336 (1990).
The evidence in this case does not support a finding of bad faith by the plaintiff. As established by plaintiffs Exhibit D, the plaintiff promptly paid the $22,999.00 bill which the defendant submitted to her on July 24, 2001 for the Phase III work. She also made timely payments on the earlier invoices submitted by the defendant.
In order for the defendant's mechanic's lien to be valid, the defendant must be in compliance with the statutory mandates of the Connecticut Home Improvement Act. The court has found that the defendant was not a licensed home improvement contractor at the time he entered into the agreement with the plaintiff. The court has also found that the defendant failed to provide the plaintiff with a written home improvement contract in compliance with the provisions of Connecticut General Statute §20-429 (a). Because of this, the court finds, based upon clear and convincing evidence, that the defendant was in violation of provisions of Connecticut General Statute § 20-249 (a). As a result, the court also finds by clear and convincing evidence that his mechanic's lien is legally invalid, because his claim for $13,842.00 under the original written proposal is unenforceable and barred by the Home Improvement Act.
Accordingly, the plaintiffs motion to totally discharge the defendant's CT Page 14668 mechanic's lien is hereby GRANTED.[1]
SO ORDERED.
BY THE COURT:
 ___________________, J. DYER